In the Matter of Rita WALKER, Incompetent.

Joseph RITTER, Jr., Appellant,

v.

Rita WALKER, Respondent.

No. 62773.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 8, 1994.

Application to Transfer Denied May 26, 1994.

Ronald J. Prenger, Mark A. Richardson, Jefferson City, for appellant.

Berkemeyer & Barks, John B. Berkemeyer, Hermann, for respondent.

PUDLOWSKI, Judge.

Joseph Ritter, Jr. herein appeals the probate court's appointment of Sandra Keilholz as limited guardian of, and William F. Kliethermes as limited conservator for, Rita Walker. He also appeals the court's finding that Ms. Walker is only partially incapacitated and the court's appointment of a private attorney, who appellant claims has interests adverse to Ms. Walker's interests, to represent Ms. Walker. Appellant is a second cousin to the ward. Mr. Kliethermes is a disinterested third party who appears from the record to be an accountant. Ms. Keilholz is a former neighbor of the ward who took her into her home after she underwent cancer surgery and starting exhibiting signs of diminishing abilities. The ward is a woman in her seventies who resides in Chamois, Missouri.

In response to the physical, emotional and financial problems Ms. Walker was experiencing, appellant discussed with her the possibility of instituting guardianship proceedings. Ms. Walker indicated that appellant would be a suitable person to serve that role. Her position changed when the court papers were served. There was evidence that she believed that appellant instituted the proceedings in an effort to take her money away from her. Communication between appellant and Ms. Walker ceased. She modified her will, eliminating appellant as a beneficiary and he stopped taking her to church and helping with her farm.

Originally fiscally conservative, while living with the Keilholz family, Ms. Walker began writing large checks and distributing her assets at questionably low prices to members of the Keilholz family. She sold them her farm for $100 an acre, when the land may have been worth as much as $500 an acre. She also gave them half of her calves in exchange for feeding her cows and she may have sold them her antique pickup truck for $1.00.

At trial, Ms. Walker's memory was faulty. As an example, she believed that the year was 1977 and the president was Roosevelt. She equivocated when she was asked if she had an attorney and whether she had already sold her land or was in the process of negotiating a deal. She was not sure how many people were in the Keilholz family or how long she had lived with them. Throughout the trial, however, Ms. Walker consistently and unequivocally testified that she could not live by herself and that she enjoyed staying with the Keilholz family because they were good to her and she enjoyed the childrens' company. The Keilholzes took her to church and the doctor, reminded her to take all of her medicine, and gave her plenty to eat. Regarding appellant, Joe Ritter, Jr., she stated: "I don't know whether he was going to take the property from me, but I just—I didn't want him.... I just decided I didn't want him. I wanted somebody else.... I wanted the Keilholzes." She testified that the land, which was her parents' land, is very important to her and she believed that appellant would take the land and that he would probably sell it. She is aware that she sold her farm to the Keilholz family at a price below its value, but she asserted that she wanted to help them because they took her

into their home and they take her to see the land when she requests.

After finding that Ms. Walker was partially incapacitated and partially disabled, the probate court appointed Ms. Keilholz as her limited guardian and Mr. Kliethermes as her limited conservator. Aside from the court's reference to Mr. Kliethermes in its opinion, no evidence was presented regarding his credentials.

## I.

Before we address appellant's arguments we must determine whether he has standing to appeal the probate court's denial of his motion to be appointed guardian and conservator of his second cousin, an adjudicated incompetent. Respondent asserts that appellant lacks standing because he does not have a pecuniary interest in Ms. Walker's estate. We are inclined to agree.

■ Whether a party has standing to appeal a judgment is a jurisdictional question that this court must address. The right to appeal from a probate court's judgment is purely statutory, and the applicable statutes are to be liberally construed since the law favors the right to appeal. *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990) (citations omitted). Under § 472.160.1(14) RSMo 1986 of the general provisions of the probate code, interested persons aggrieved by judgments are entitled to appeal final orders or judgments of the probate court. The probate code defines "interested persons" as:

> heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. § 472.010(15) RSMo 1986.

Section 472.010(15) contains a caveat that this definition "may vary at different stages and different parts of a proceeding and must

be determined according to the particular purpose and matter involved." The guardianship statute, § 475.020,[1] provides for the applicability of the provisions of the probate code to guardianship actions. It also provides the substitution of title description and equates the probate and guardianship estates unless there exists an inconsistent provision in the guardianship code. Accordingly, while part of the definition of "interested persons" may be relevant to formulate the standing requirement in the guardianship code, other portions of this definition may not be applicable. For example, the portion of the definition which gives standing to heirs or devisees in probate cases does not apply to guardianship cases because "no one is heir [or devisee] to the living." *State ex rel. Goodloe v. Wurdeman,* 286 Mo. 153, 227 S.W. 64, 66 (1910); *Matter of Hancock,* 834 S.W.2d 239, 241 (Mo.App.S.D.1992) (citing 5 Hanna–Borron, Missouri Practice, Probate Law and Practice § 561 (2d ed. 1988), pp. 707–708); *Jacobsmeyer v. Cordes,* 700 S.W.2d 488, 490 (Mo.App.E.D.1985). *But see,* § 475.097.2.

■ The courts have been reluctant to extend the definition of "interested persons." In *State ex rel. Goodloe v. Wurdeman,* 227 S.W. at 67, the court found that heirs or children of an insane woman had no standing to appeal the refusal of the probate court to remove another son from his appointed position as guardian [2] due to his fiscal mismanagement of the estate. Appellant argued that "the natural and laudable interest which every dutiful child has in the welfare of an afflicted parent is an interest of more real importance than a mere pecuniary interest, such as any creditor might have and assert and is one of which the law does and should take cognizance." *Id.,* 227 S.W. at 66. In response, our Supreme Court clearly said that to extend standing to a party who only has a "purely sentimental or filial interest" in the ward or protectee would be in direct

---

1. Section 475.020 dictates that the provisions of §§ 473.780–473.840 concerning independent administration are not to be applied to guardianship or conservatorship proceedings.

2. In *Goodloe,* although the child sought to appeal the denial of his petition to be appointed guardian of his mother, it appears from the opinion that the guardian was serving in a conservator's capacity in that he was managing the estate and not taking care of the ward.

contravention of legislative intent.[3] *Id.* at 67. Similarly, in *Jacobsmeyer v. Cordes,* 700 S.W.2d at 490, this court held that a child of protectee did not have standing to appeal the court's denial of her request to be appointed her mother's conservator ad litem because she had nothing more than an expectancy interest in the protectee's estate. One year after *Jacobsmeyer* was decided, the legislature amended § 472.010(15) to give standing to "children of a protectee who may have a property right or claim against or an interest in the estate of a protectee." In *Matter of Hancock,* 834 S.W.2d 239, the nephew of a protectee sought to appeal from the probate court's order authorizing the conservator to sell the protectee's real estate. The court followed *Jacobsmeyer* noting that this ruling was not affected by the 1986 amendment because, in light of the amendment's wording, it only extended the right of appeal to children who had a property interest in the estate and under *Goodloe,* such an interest must be a vested rather than an expectancy interest. *Hancock,* 834 S.W.2d at 241 (citing 5 Hanna–Borron, Missouri Practice, Probate Law and Practice § 561 (2d ed. 1988), pp. 707–708).

Appellant is Ms. Walker's second cousin. He has no vested interest in her estate. Whatever interest Mr. Ritter may have in this case is of a filial or sentimental nature. While we recognize the importance of one's concern for one's family, albeit an extended one, under the statutory scheme as it currently exists, such an interest is insufficient to bestow standing on a party who does not have a financial interest in an estate.

The legislature amended § 472.010(15) and § 475.020, the enabling statute, several times. If it intended to grant parties who do not have a vested financial interest the right to appeal the probate court's appointment of guardians and conservators, it would have made its intent to deviate from established standards clear as it did in § 475.097.2 of the guardianship code. In that section the legislature granted individuals with expectancy or reversionary interests in an estate limited powers to petition the court to appoint a guardian or conservator ad litem in a case in which there is a possible conflict of interest between the ward or protectee and his guardian or conservator.

When the legislature drafted the statute holding that a financially-disinterested individual may not appeal the appointment of a guardian or conservator, it did not leave such a party without any recourse. Under § 472.-170 RSMo 1986, a probate court's determination of the extent of a ward's disability can be appealed by "the petitioner who applied for such adjudication, or by the person alleged to be disabled, incapacitated, or mentally ill, or by *any* relative of such person, or by *any* reputable citizen of the county in which the hearing occurred, or by an attorney for *any* of the foregoing persons." (emphasis added). Under § 475.083.4 "*any* person on behalf of the ward or protectee may, individually or jointly with the ward or protectee, petition the court to restore the ward or protectee, or to decrease the powers of the guardian or conservator." (emphasis added). Finally, "[i]f the guardians and conservators have not performed their duties in the best interests of the protectee and under their statutes, they may be liable upon their bond and otherwise both to the protectee during his lifetime and to his heirs upon his death." *Jacobsmeyer,* 700 S.W.2d at 490 (citing *Goodloe,* 227 S.W. at 67). There are also protections for the ward or protectee in the statutory scheme. Under § 475.082.1 the court must inquire into the status of a ward or protectee on an annual basis to determine whether the individual continues to be incapacitated and whether the guardian or conservator is properly performing his or her functions. Further, under § 475.082.5 any interested party may submit a motion to the court informing the court that the guardian or conservator is not properly performing his or her duties.

---

**3.** The court in *Goodloe* based its decision on its interpretation of a 1909 statute which, while restricting the right to appeal to those people having a pecuniary interest in the estate, differed in part from the statute at issue in the case at hand. However, recent court of appeals cases have reached the same conclusion as the court reached in *Goodloe* based on the courts' construction of the current statute. *See, Hancock,* 834 S.W.2d 239.

We are bound by the plain language of the "interested persons" definition and find that appellant lacked standing to appeal the probate court's denial of his petition to be appointed Ms. Walker's guardian and conservator.[4] Respondent's point granted.

## II.

■ Although we find that appellant lacks standing to appeal the court's appointment of guardian and conservator, under § 472.170.1 we derive our jurisdiction to address appellant's second claim that the probate court erred in finding that Ms. Walker was only partially incapacitated.

■ As this was a judge-tried case, we will not disturb the lower court's ruling unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. In weighing the evidence, we accept as true all evidence which is favorable to the prevailing party, including all inferences reasonably deducible therefrom, and we disregard any contradictory evidence. *Brown v. Storz*, 710 S.W.2d 402, 403 (Mo.App.E.D. 1986) (citations omitted).

■ A review of the record on appeal reveals that substantial evidence was presented to support the probate court's finding that Ms. Walker is only partially incapacitated. While Ms. Walker is unable to remember dates, names and prices, and a psychiatrist testified that she is susceptible to influence, the transcript is replete with evidence demonstrating an awareness on her part of her surroundings, physical limitations and desires. She is cognizant and takes an active part in the proceedings around her. She was conversational throughout the trial, and her responses to the attorneys' questions demonstrated that she fully understood the questions posed to her. At times she even corrected witnesses on the stand. She was able to clearly articulate her wishes, unaided by

counsel or the judge and her statements were corroborated by other witnesses. The transcript reveals that Ms. Walker has a strong grasp on life and appears to be enjoying her current living arrangements. Under § 475.080.1 "the court shall impose only such legal disabilities and restraints on personal liberty as are necessary to promote and protect the well-being of the individual and shall design the guardianship so as to encourage the development of maximum self-reliance and independence in the individual." Under § 475.080.2, the court shall only transfer to the conservator such duties as are necessary and shall retain for the partially-disabled person the power "to manage his financial resources commensurate with his ability to do so." A review of the probate court's judgment reveals that this is exactly what the court did. We therefore see no reason to disturb the probate court's ruling and to further restrict Ms. Walker's environment. Point denied.

## III.

■ Appellant also argues that the trial court erred in not satisfying itself that Ms. Walker wished to be represented by private counsel and had the capacity to make such a choice. Although the court-appointed attorney/guardian ad litem played an active role throughout the trial, appellant claims that such an inquiry is especially necessary in light of the fact that private counsel's father is Sandra Keilholz's grandfather's brother. Appellant derives his claim from *In re Link*, 713 S.W.2d 487, 493 (Mo. banc 1986) in which the court found that "the trial court should not order the withdrawal of appointed counsel upon the mere entry of appearance by private counsel. Instead, the trial court must satisfy itself that the alleged incompetent wishes to be represented by private counsel, and has the capacity to make such a choice."

4. While we acknowledge the decisions in *State ex rel. Pope v. Lisle*, 469 S.W.2d 841, 843 (Mo.App.Springfield 1971) and *Matter of Say*, 804 S.W.2d 435 (Mo.App.S.D.1991) these cases were based on the "personal right" standing requirement which is predicated on substantive due process rights. 5 Missouri Practice, Probate Law and Practice § 561 at 708. In *Lisle* and *Say* the court extended standing to a mother and sister respectively. In *Goodloe*, 227 S.W. at 66, and *Jacobsmeyer*, 700 S.W.2d at 490, the courts refused to extend this doctrine to grant standing to children of wards and protectees. Accordingly, we decline to extend it to a second cousin.

Appellant, however, did not lodge any objection during trial to have the court discharge Ms. Walker's attorney. "It is a fundamental rule that contentions not put before the trial court will not be considered on appeal. An appellate court will not convict a trial court of error on an issue which was not put before it to decide." *Matter of Conserv. Estate of Moehlenpah,* 763 S.W.2d 249, 256 (Mo.App.E.D.1988) (citation omitted).

Judgment affirmed.

SIMON, P.J., and GRIMM, J., concur.