In the Matter of the ESTATE OF Christopher JUPPIER.

No. ED 80135.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 30, 2002.

Karen M. Pittman, St. Louis, MO, for appellant.

Alice Kramer, Hillsboro, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Feona and Paul Juppier, Sr., the grandparents of Christopher Juppier, appeal the trial court's denial of their challenge to the child's guardians appointed pursuant to the probate code; they further appeal the suspension of their visitation rights. Because we find the grandparents are not "interested persons" entitled to appeal under the probate code, we dismiss their appeal for lack of standing as to their challenge to the child's guardians. As to the suspension of the grandparents' visitation rights, we hold they should have been treated as parties below and have standing to appeal. However, because the suspension of their visitation rights is an interlocutory order, the appeal of such denial is premature and is also dismissed.

Following the death of his mother and the incarceration of his father, the trial court established a guardianship of the minor child, Christopher Juppier. The child's maternal aunt and uncle were appointed guardians pursuant to the probate code The paternal grandparents, Feona and Paul Juppier, Sr., were granted visitation rights. In July, 2001, the trial court suspended the grandparents' visitation rights until further order of court, and reappointed the guardian ad litem to recommend a course of conduct that would address the needs and best interest of the child. After the grandparents' rights were suspended, they filed a motion challenging the guardians. In this challenge, they moved that the guardians be held in civil contempt, that they be removed as guardians, and that successor guardians be appointed. The trial court held that the grandparents were not parties to the proceeding, and therefore denied their challenge to the guardians. The guardian ad litem conducted a "preliminary investigation" and recommended that the trial court hold a hearing as to visitation. Such hearing has not yet occurred. After filing the appeal, the grandparents filed a motion to intervene that is still pending before the trial court.

■ We first consider the grandparents' appeal of the denial of their challenge to the guardians. Because the grandparents are not "interested parties" under the probate code, they have no standing to appeal the denial of their challenge to the guardians. Accordingly, we dismiss the appeal as to this point.

■ The right to appeal from a probate court's judgment is purely statutory, and the applicable statutes are to be liberally construed since the law favors the right to appeal. *State ex rel. Baldwin v.*

*Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990). Under section 472.160.1 RSMo 2000 of the probate code,[1] aggrieved "interested persons" are entitled to appeal certain orders or judgments. The denial of a request to remove a guardian is such an appealable order. Section 472.160.1(9); 472.160(13); 475.020.[2] However, to have standing to appeal an order, the party must also be an aggrieved "interested person."

■ Whether a party has standing to appeal a judgment is a jurisdictional question, which must be addressed first by our court. *In the Matter of Walker,* 875 S.W.2d 147, 149 (Mo.App. E.D.1994). Section 472.010(15) of the probate code defines "interested persons" as follows:

Heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee.

Section 472.010(15) contains a caveat that this definition "may vary at different stages and different parts of a proceeding and must be determined according to a particular purpose and matter involved." *Matter of Walker,* 875 S.W.2d at 149. The guardianship statute provides for the applicability of the probate code to guardianship actions. Section 475.020. It also allows for substitution of title description and equates guardianships to decedents' estates unless there exists an inconsistent provision in the guardianship code.[3] *Matter of Walker,* 875 S.W.2d at 149. Accordingly while part of the definition of "interested parties" may be relevant to formulate the standing requirement in the guardianship code, other portions of this definition may not be applicable. *Id.*

■ When determining a party's status as an "interested person," the courts have been reluctant to extend the definition of "interested person." *See Matter of Hancock,* 834 S.W.2d 239, 241 (Mo.App. S.D. 1992); *Jacobsmeyer v. Cordes,* 700 S.W.2d 488, 490 (Mo.App. E.D.1985). In fact, our court has limited its definition of an "interested person" to only include those with "a financial interest in an estate." *Matter of Walker,* 875 S.W.2d at 150. Moreover, the Missouri Supreme Court has refused to extend standing to a party with a "purely sentimental or filial interest" in the ward or protectee, as such extension would be in direct contravention of legislative intent. *State ex rel. Goodloe v. Wurdeman,* 286 Mo. 153, 227 S.W. 64, 67 (1910). Therefore, while we recognize the importance of a person's concern for a family member, under the current statutory scheme such an interest is insufficient to grant standing to appeal to a party who does not have a financial interest in an estate.[4] And if the

---

1. All further statutory references are to RSMo 2000.

2. When read together, sections 472.160(9) and 472.160(13) provide for the appeal of orders denying the revocation of letters testamentary. We equate the denial of a request to revoke letters testamentary in a probate case with the denial of removal of a guardian in a guardianship case. Section 475.020. Therefore, the denial of a request to remove a guardian is an appealable order. Section 472.160.1.

3. The legislature may wish to reconsider the wisdom of equating guardianships to decedents' estates. The rights and responsibilities to be adjudicated as to the care and custody of a minor or incapacitated person bear little resemblance to those found in the administration of a decedent's estate.

4. Section 475.082.5 authorizes persons acting on behalf of a ward to move for removal of a guardian who is not discharging his duties and responsibilities or has not acted in the best interest of the ward. Pursuant to grandparents' challenge to guardians below, the

legislature wishes to extend the right to appeal to parties with no vested financial interest, it can again amend the definition of "interested persons." However, the statutory definition and the relevant caselaw compel our conclusion that the grandparents, lacking a vested financial interest in the grandson's estate, do not have standing to appeal the court's order denying their challenge to the guardians. Therefore, the grandparents' point on appeal is dismissed as they lack standing as "interested persons" to challenge the trial court's guardianship ruling.

▆▆▆ Although the grandparents lack standing to appeal the denial of their challenge to the guardians, we find no such lack of standing as to their challenge to the denial of visitation rights. The trial court had awarded the grandparents visitation rights as to their grandchild. The grandparents exercised those rights per the visitation schedule the court established. The court then suspended those rights, and also held that the grandparents were not "parties," and thus had no status to contest the court's suspension. In other words, the court awarded a right, but then withdrew that right, and denied the grandparents any vehicle to contest its withdrawal. It is difficult to understand how these could be characterized as "visitation rights" if the grandparents cannot enforce the rights or contest their withdrawal because they are not parties. A "right" is "a legally enforceable claim that another will or will not do a given act; a recognized and protected interest the violation of which is a wrong." BLACK'S LAW DICTIONARY 1322 (7th ed.1999). Persons claiming rights to visitation of a child in dissolution cases, juvenile matters, and paternity actions are routinely allowed to seek inter-

vention as parties. Further, the Uniform Child Custody Jurisdiction Act expressly provides that visitation decisions constitute custody determinations, that guardianships involving custody determinations are custody proceedings, and that persons claiming visitation rights in custody proceedings may be joined as parties. Sections 452.445(1), 452.445(2), 452.485. Persons granted "visitation rights" must be given an avenue of legal enforcement, and a trial court is not free to block that avenue by an assertion that they are not parties. Moreover, the requirement of standing is satisfied if it can be said that a party has a legally protectable and tangible interest at stake. *Board of Regents of Southwest Missouri State University v. Harriman*, 792 S.W.2d 388, 393 (Mo.App. S.D.1990). Here the grandparents have at stake the vindication of the court-ordered visitation rights they had previously been granted. The grandparents should have been treated as parties as to these rights and have standing to appeal.

However that does not settle the question of the appealability of the suspension of the grandparents' visitation rights. As we noted, the trial court "suspended" the visitation rights of the grandparents until further order of court; it did not terminate them. At the same time the court suspended the grandparents' visitation rights, the court ordered the guardian ad litem to recommend a future course of action. He recommended a hearing which has not yet occurred. We also note that, since the appeal was filed, the grandparents have filed a motion to intervene that is still pending in the trial court. In response to either the recommendations of the guardian ad litem or the grandparents' motion to intervene, the court may yet restore or

---

trial court could have ordered that a hearing be held and rendered its decision as to the guardian's removal. However, section

472.160.1 restricts standing to appeal such decision to aggrieved "interested persons."

reconfigure the visitation rights of the grandparents. Thus, our review of the record convinces us that the court's suspension of the grandparents' visitation rights is an interlocutory order that cannot be appealed. Although the probate code denominates certain instances when an appeal of an interlocutory order is allowed, this is not among them. Section 472.160.1. Therefore, although the grandparents should have been treated as parties as to their visitation rights and have standing to appeal a denial of their visitation rights, the appeal as to this claim must be dismissed as premature because it is from an interlocutory order.

The appeal is dismissed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.