In the Matter of the ESTATE OF
Laverne STURMFELS,
Disabled.

Gus W. Sturmfels, Jr., Appellant,

v.

Carl V. FREDERICK, Conservator of
the Estate of Laverne Sturmfels,
Disabled, Respondent.

No. ED 90320.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 6, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 12, 2008.

Application for Transfer Denied
Sept. 30, 2008.

Fairfax Jones, Casserly Jones P.C., Edward C. Cody, Kilo, Flynn, Billingsley, Trame & Brown, P.C., St. Louis, MO, for appellant.

Robert John Benbenek, DeVoto & Benbenek, LLC, St. Louis, MO, for respondent.

Before LAWRENCE E. MOONEY, P.J., BOOKER T. SHAW, J., and KURT S. ODENWALD, J.

KURT S. ODENWALD, Judge.

## Introduction

Gus W. Sturmfels, Jr. appeals from the probate court's judgment dismissing his Interested Party Motion for Removal of Carl V. Frederick as Conservator of Laverne Sturmfels' (Protectee) conservatorship estate. We dismiss the appeal for lack of standing and mootness.

## Background

Protectee is an elderly unmarried woman with no children. Gus W. Sturmfels, Jr. (Mr. Sturmfels) is Protectee's brother. Carl V. Frederick is the nephew of Protectee and Mr. Sturmfels.

On May 12, 2005, the probate court entered an order authorizing the appointment of a conservator for Protectee. In this order, the probate court, after hearing evidence and considering all pleadings, including a cross-petition for appointment of a guardian and conservator filed by Mr. Sturmfels, found that Protectee possessed sufficient mental capabilities to care for herself and denied Mr. Sturmfels' cross-petition for appointment of a guardian. The probate court also found, however, that Protectee was a totally disabled person by reason of mild dementia and was unable to receive and evaluate information or to communicate decisions to such an extent that she completely lacked ability to manage financial resources. The court concluded that Protectee's financial resources required complete supervision. The probate court found that, despite her disability, Protectee was able to make and communicate a reasonable choice as to whom should serve as her conservator and that Protectee had voiced a preference for Carl V. Frederick (Conservator). The probate court found Mr. Frederick to be suitable, qualified and willing to accept the appointment, and authorized Conservator's appointment.

Mr. Sturmfels filed a Motion to Amend Order on June 2, 2005, in which he alleged that he had instituted litigation on December 14, 2004, contesting the will of his mother Vera L. Sturmfels, who died on September 9, 2003. As the basis of the will contest, Mr. Sturmfels alleged that his mother had bequeathed her entire estate to his sister Myrle R. Frederick, the mother of Conservator. Mr. Sturmfels further

alleged that Conservator had a conflict of interest with Protectee because, if the will contest were successful, the amount of assets distributable to Conservator's mother would be reduced. Mr. Sturmfels additionally claimed that Conservator was not qualified to serve because he lacked a high school education or GED and had only been infrequently employed as a carpenter during the preceding twenty years. In his prayer for relief, Mr. Sturmfels requested that the probate court amend its May 16, 2005 order authorizing Conservator's appointment and name a disinterested person to serve. The probate court denied this motion on August 1, 2005.

On November 8, 2005, Mr. Sturmfels filed an Objection to Inventory and Motion to Remove Conservator, in which he alleged that Conservator had negligently performed his duties, including the management of a vacant condominium unit owned by Protectee, and that Conservator had created a conflict of interest between his interests and that of the Protectee by declining to join in the will and trust contests initiated by Mr. Sturmfels. In his prayer for relief, Mr. Sturmfels requested Conservator's removal and renewed his Application for Appointment as Guardian and Conservator of Protectee. The probate court dismissed this pleading on January 25, 2006, but appointed an attorney to serve as a conservator ad litem for the purpose of representing Protectee's interests in the pending will and trust contests.

Mr. Sturmfels filed his Interested Party Motion for Removal of Carl Frederick as Conservator (Motion to Remove Conservator) on May 15, 2006, again alleging negligence in Conservator's management of the condominium unit, and conflicts of interest between Conservator and Protectee involving the will and trust contests. On July 12, 2006, Mr. Sturmfels filed an Interested Party's Motion for Appointment of Conservator Ad Litem, alleging the existence of a conflict of interest between Conservator and Protectee with regard to the pending will and trust contests and an action to remove Myrle R. Frederick as successor co-trustee of their father Gus W. Sturmfels, Sr.'s testamentary trust. On August 4, 2006, the previously appointed conservator ad litem was granted permission to withdraw.

On December 6, 2006, the probate court *sua sponte* raised the question of whether Mr. Sturmfels met the definition of an interested party under Section 475.010(15) RSMo 2000 [1] and instructed the parties to submit briefs addressing the issue of Mr. Sturmfels' standing. In his responsive Memorandum of Law, Mr. Sturmfels stated that he sought to remove Conservator pursuant to Section 475.082.5. Mr. Sturmfels conceded that he had only an expectancy interest in Protectee's estate and noted that he had a pending application for appointment as Protectee's conservator. In his conclusion, Mr. Sturmfels urged the probate court to give a liberal interpretation to the definition of "interested person," arguing that Section 475.082.5 granted "standing to any interested person to file pleadings requesting the removal of a conservator who is not discharging his responsibilities to the protectee[,]" and permitted " 'some person on his [the protectee's] behalf' to complain to the court that the conservator is not discharging his duties."

In its judgment dismissing with prejudice Mr. Sturmfels' Motion to Remove Conservator, the probate court noted that Protectee was unmarried, had no children and her only living relatives in ascendancy were her brother Mr. Sturmfels and her sister Myrle Frederick. Accordingly, the

1. Unless otherwise indicated, all subsequent statutory citations are to RSMo 2000.

probate court determined that under the probate code, Mr. Sturmfels was an heir with an expectancy in Protectee's estate, assuming he survives her. After reviewing argument submitted by both parties, the probate court determined that Mr. Sturmfels was not an "interested person" qualified to file a motion suggesting that the conservator was not discharging his duties and responsibility as required by law or was not acting in the best interest of the protectee, as provided by Section 475.082.5, and concluded that, as an heir with only an expectancy in the estate of an incapacitated person, Mr. Sturmfels lacked standing under the probate code to prosecute such a motion.

## Points on Appeal

Mr. Sturmfels raises two points on appeal. In his first point, Mr. Sturmfels claims the probate court erred in dismissing his Motion to Remove Conservator on the basis that Mr. Sturmfels was not an interested person in Protectee's conservatorship estate as defined in Section 472.010(15), because Section 475.082.5 permits any interested person, including some person on the Protectee's behalf, to bring to the court's attention a conservator's conflict of interest or failure to discharge his duties.

In his second point, Mr. Sturmfels claims the probate court erred in dismissing his Motion to Remove Conservator on the basis that Mr. Sturmfels was not an interested person as defined in Section 472.010(15) because Section 475.097 permits individuals with an expectancy interest in an estate to petition the court for the appointment of a conservator ad litem if the conservator is not performing his duties, or where a possible conflict of interest such as that alleged by his motion exists between the protectee and the conservator.

## Standard of Review

■ Whether a party has standing to appeal a judgment is a jurisdictional question that appellate courts must address. *In the Matter of Walker,* 875 S.W.2d 147, 149 (Mo.App. E.D.1994). Because the right to appeal from a probate court's judgment is purely statutory, the applicable statutes are to be liberally construed to favor the right to appeal. *Id.*

## Discussion

■ In his first point, Mr. Sturmfels claims the trial court erred in dismissing his Motion to Remove Conservator on the basis that he was not an interested person as defined by Section 472.010(15). Mr. Sturmfels argues that Section 475.082.5 permits any interested person, including some person on the protectee's behalf, to bring to the court's attention, by motion, that a protectee's conservator is not discharging his duties if the motion alleges waste and mismanagement and a conflict of interest between the conservator and protectee.

In his Motion to Remove Conservator, Mr. Sturmfels alleged that Conservator caused undue expense to Protectee's estate by failing to pay fees for a condominium. Mr. Sturmfels also alleged that Conservator had a "built-in conflict of interest" with Protectee because Conservator filed a pleading resisting Mr. Sturmfels' lawsuit seeking to set aside the trust of Mr. Sturmfels' deceased mother, Vera Sturmfels. Mr. Sturmfels alleged that Vera Sturmfels' trust, amended on July 29, 2003, "cut out" Protectee in favor of Conservator, his two siblings, and his mother Myrle Frederick. Mr. Sturmfels further alleged that Mr. Sturmfels had filed a will contest, which sought to set aside his mother's will because the will likewise benefited Myrle Frederick, Conservator, and

Conservator's siblings, and excluded Protectee and Mr. Sturmfels. Mr. Sturmfels requested that the probate court cause Conservator to account for Protectee's assets and remove him as conservator of Protectee.

Conservator responds that Mr. Sturmfels lacked standing to petition for Conservator's removal, and asserts further that Mr. Sturmfels lacks standing to appeal the probate court's judgment dismissing his Motion to Remove Conservator. We agree with Conservator.

 "The right to appeal from a probate court's judgment is purely statutory, and the applicable statutes are to be liberally construed since the law favors the right to appeal." *In re Estate of Juppier*, 81 S.W.3d 699, 700 (Mo.App. E.D.2002). The denial of a request to remove a conservator is appealable. *Id.* However, to have standing to appeal an order under the probate code, the party must be an aggrieved "interested person." *Id.*

Section 475.082.5 allows any "interested person" to file a motion alleging that a conservator is not discharging his statutory responsibilities and duties or has not acted in the best interests of his protectee. Upon such a motion, or if the probate court independently as part of its status review determines the conservator is not performing his duties or acting in the protectee's best interests, the probate court may order a hearing be held and cause the conservator to appear before the court. Section 475.082.5. If the court subsequently finds the conservator is not discharging his duties and responsibilities as required, it may order the conservator's removal. *Id.*

The term "interested person" is not defined in Chapter 475. However, Section 475.020 makes the provisions of chapter 472 of the probate code applicable to guardianships, "unless therein restricted to decedents' estates." Section 472.010(15) defines "interested persons" as follows:

> **"Interested persons"** mean heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved.

As noted by the probate court, Mr. Sturmfels' relationship with Protectee under the probate code is that of an heir with an expectancy in her estate. *See* Section 474.010(2)(b). Our courts consistently have held that heirs have no standing in guardianship and conservatorship proceedings. *See In re Estate of Juppier*, 81 S.W.3d at 700–01; *Taylor v. Taylor*, 47 S.W.3d 377, 383 (Mo.App. W.D.2001); *In re Walker*, 875 S.W.2d 147, 149 (Mo.App. E.D.1994). Accordingly, we conclude Mr. Sturmfels is not an interested person in the administration of Protectee's estate and lacks standing to appeal the probate court's dismissal. Point dismissed.

 In his second point, Mr. Sturmfels claims the probate court erred in dismissing his Motion to Remove Conservator based on its finding that Mr. Sturmfels was not an interested person in Protectee's conservatorship estate as the term "interested person" as defined by Section 472.010(15). Mr. Sturmfels claims standing to bring his Motion to Remove Conservator as the holder of an expectancy interest in Protectee's estate under Section 475.097, which permits individuals with an expectancy interest in an estate to petition the court if the conservator is not performing his duties, or where a possible conflict

between the protectee and conservator exists. Mr. Sturmfels contends his allegations that Conservator breached his duties through waste and mismanagement of Protectee's estate and that Conservator had taken a position adverse to Protectee in the will and trust contests that could potentially benefit Protectee, allowed him to seek relief under Section 475.097.

Section 475.097 provides for the appointment of a conservator or guardian ad litem when a natural or appointed guardian or conservator is not effectively performing his duties and the probate court finds the protectee's welfare requires immediate action. Section 475.097 is not the mechanism for initiating removal of an appointed conservator; rather, this provision allows "the protectee, creditor, or other interested person, including a person interested in expectancy, reversion or otherwise," to apprise the probate court of possible conflicts of interest that could necessitate the appointment of a conservator or guardian ad litem. Interestingly, it is readily apparent from the legal file that Mr. Sturmfels is quite aware of the nature of the relief available under Section 475.097, as the record on appeal reveals that on July 12, 2006, he filed a separate motion, not the subject of this appeal, requesting the appointment of a conservator ad litem due to the same previously alleged conflicts of interest that serve as the basis for Mr. Sturmfels' Motion to Remove Conservator. Also notable is the probate court's previous appointment of a conservator ad litem on January 25, 2006, to represent Protectee's interests in the pending will and trust contests, which, arguably, would have remedied the conflicts of interest between Protectee and Conservator alleged in the Motion to Remove Conservator.

Moreover, as indicated by Conservator in his brief and evidenced by his supplemental legal file, the will and trust contests initiated by Mr. Sturmfels that are the core of Mr. Sturmfels' allegations of conflict of interest have since concluded. In the will contest, a jury returned a verdict on October 4, 2007, finding that the will was, indeed, "the last will and testament of Vera L. Sturmfels," and the time to appeal this judgment has expired. Likewise, on October 5, 2007, the probate court entered an order dismissing with prejudice the Vera Sturmfels trust contest after Mr. Sturmfels voluntarily dismissed his action for the second time without a stipulation or a motion stating his grounds for dismissal. Accordingly, the conflicts of interest alleged by Mr. Sturmfels in his Motion to Remove Conservator can no longer exist.

"The threshold question in any appellate review of a controversy is the mootness of the controversy." *Kinsky v. Steiger,* 109 S.W.3d 194, 195 (Mo.App. E.D.2003). "A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose." *Id.* The final disposition of the will and trust contests renders Mr. Sturmfels' second point moot. Point dismissed.

### Conclusion

The appeal is dismissed.

LAWRENCE E. MOONEY, P.J., and BOOKER T. SHAW, J., Concur.