**In the Matter of Mary Lou SCHIEBER, Respondent,**

**Karen Hebert, Appellant,**

v.

**Michael SCHIEBER, Respondent.**

**No. WD 69913.**

Missouri Court of Appeals, Western District.

June 23, 2009.

Steven M. Petry, for Appellant.

Scott W. Ross, for Respondent.

John W. Baker, Jr., for Respondent.

Before Division One:  JAMES E. WELSH, P.J., VICTOR C. HOWARD, Judge and ALOK AHUJA, Judge.

VICTOR C. HOWARD, Judge.

Karen Hebert appeals the probate court's judgment dismissing her motion to remove Michael Schieber as guardian and conservator and denying her motion to remove court-appointed counsel.  On appeal, Ms. Hebert claims that she has standing to bring a motion to remove the guardian and conservator and that appointed counsel should be removed for failure to honor the decisions of the ward and protectee. Ms. Hebert's appeal is dismissed for lack of standing.

**Factual and Procedural Background**

In September 2007, Karen Hebert filed a motion to remove Michael Schieber as the guardian and conservator of Mary Lou Schieber.  The probate court granted Mr. Schieber's motion to dismiss, finding that Ms. Hebert lacked standing to bring a motion to remove the guardian and conservator.  Ms. Hebert simultaneously filed a motion for the removal of Mrs. Schieber's appointed counsel, Scott Ross, and the probate court denied the motion.

Prior to Ms. Hebert's filing of these motions, Mr. Schieber had filed an application for appointment as the guardian and conservator of Mrs. Schieber, his mother.  Ms. Hebert, the sister of Mrs. Schieber, filed an application for appointment as a limited guardian and limited conservator of Mrs. Schieber.  The probate court appointed attorney Scott Ross to represent Mrs. Schieber in the proceedings.  At the hearing on the applications, Mr. Ross stated that he and Mrs. Schieber had concluded that she would not attend the hearing and that she would waive her right to a jury trial.  Following the hearing, the probate court found that Mrs. Schieber was

totally incapacitated and disabled and appointed Mr. Schieber as the guardian and conservator of his mother. Ms. Hebert then filed a motion for new trial and/or rehearing, which the court denied.

Thereafter, Ms. Hebert filed a motion to remove Mr. Schieber as the guardian and conservator of his mother, alleging that Mr. Schieber had failed to discharge the duties of his appointment and was not acting in the best interest of Mrs. Schieber. Mr. Schieber filed a motion to dismiss, arguing that Ms. Hebert was not an "interested person" as defined in section 472.010(15), RSMo 2000, and that, therefore, she lacked standing to bring a motion to remove Mr. Schieber as guardian and conservator. The probate court granted the motion to dismiss, finding that Ms. Hebert was not an interested person and that she lacked standing to bring the motion.

Ms. Hebert filed a second motion in which she sought the removal of Mr. Ross and the appointment of new counsel for Mrs. Schieber. Ms. Hebert alleged that Mrs. Schieber had wanted to be present and testify at the hearing regarding Ms. Hebert and Mr. Schieber's applications to be appointed as guardian and conservator and that Mr. Ross's waiver of Mrs. Schieber's right to a jury trial and to be present at the hearing was against her wishes. The probate court denied Ms. Hebert's motion. Ms. Hebert now appeals the court's dismissal of her motion to remove Mr. Schieber as guardian and conservator and the court's denial of her motion for removal of Mr. Ross as appointed counsel.

## Standard of Review

■■■ "Whether a party has standing to appeal a judgment is a jurisdictional question that appellate courts must address." *Estate of Sturmfels v. Frederick*, 261 S.W.3d 559, 562 (Mo.App. E.D.2008). Therefore, the question of whether a party has standing is a threshold issue, which we review *de novo*. *In re Estate of Whittaker*, 261 S.W.3d 615, 617 (Mo.App. E.D. 2008). "Because the right to appeal from a probate court's judgment is purely statutory, the applicable statutes are to be liberally construed to favor the right to appeal." *Estate of Sturmfels*, 261 S.W.3d at 562.

## Discussion

■■■ In her first point on appeal,[1] Ms. Hebert contends that the probate court erred in dismissing her motion to remove Mr. Schieber as his mother's guardian and conservator on the basis that Ms. Hebert is not an interested person as defined in section 472.010(15). Ms. Hebert argues that section 475.082.5 permits any interested person, including the ward or protectee or some person on her behalf, to bring a motion alleging that the guardian or conservator is not discharging his responsibilities and duties as required by statute or has not acted in the best interests of the ward or protectee. Ms. Hebert claims that because she was acting on behalf of Mrs. Schieber when she filed the motion to remove the guardian and conservator, she had standing to file the motion pursuant to the language of section 475.082.5.

■■■ Mr. Schieber argues that the probate court's dismissal of Ms. Hebert's motion was proper in that she is not an interested person and, therefore, lacked standing to bring the motion. However, we need not address the issue of whether

---

1. In addition to her points on appeal, Ms. Hebert has filed motions requesting that the court strike the briefs of Mr. Schieber and Mr. Ross on the ground that the briefs include references to matters outside the record. As the matters referred to in the briefs do not factor into our decision in this case, Ms. Hebert's motions are denied.

Ms. Hebert had standing to bring the motion, because we find that she does not have standing to appeal the probate court's dismissal of her motion. Although Mr. Schieber does not argue that Ms. Hebert lacks standing to appeal, "[w]e are obliged to *sua sponte* determine if we have jurisdiction, and to dismiss an appeal when we do not." *Distefano v. Quigley,* 230 S.W.3d 647, 649 (Mo.App. S.D.2007). "Whether a party has standing to appeal a judgment is a jurisdictional question, which must be addressed first by [the] court." *In re Estate of Juppier,* 81 S.W.3d 699, 701 (Mo. App. E.D.2002).

The same issue was recently addressed by the appellate court in *Sturmfels. See* 261 S.W.3d 559. In that case, the protectee's brother filed a motion to remove the protectee's conservator. *Id.* at 561. The probate court determined that the brother was not an interested person and, therefore, lacked standing to file a motion to remove the conservator. *Id.* at 562. On appeal, the brother argued that he had standing to file the motion because section 475.082.5 permits any interested person, including some person on the protectee's behalf, to bring a motion alleging that the conservator has failed to discharge his duties. *Id.* The conservator argued that the brother lacked standing to appeal the probate court's judgment dismissing his motion to remove the conservator. *Id.* at 563. The appellate court agreed and found that because the brother was not an interested person as defined in section 472.010(15), he did not have standing to appeal the probate court's dismissal of his motion. *Id.*

We apply the same analysis to Ms. Hebert's claim. Ms. Hebert's right to appeal from the probate court's judgment is purely statutory. *In re Estate of Juppier,* 81

S.W.3d at 700. Although the probate court's denial of a motion to remove a guardian or conservator is appealable, the party appealing must have standing to do so under the probate code. *Estate of Sturmfels,* 261 S.W.3d at 563. According to section 472.160.1, in order to have standing to appeal an order, judgment, or decree of the probate division of the circuit court, the party must be an "interested person aggrieved thereby." Section 472.010(15) defines "interested person" as follows:

> "Interested persons" mean heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved[.]

■ As Mrs. Schieber does not yet have heirs or devisees, and Ms. Hebert is not a spouse, creditor, or a person with a property right or claim against Mrs. Schieber's estate, Ms. Hebert does not qualify as an interested person as defined by section 472.010(15). Furthermore, Missouri courts have refused "to extend standing to a party who only has a 'purely sentimental or filial interest' in the ward or protectee." *In re Walker,* 875 S.W.2d 147, 149 (Mo. App. E.D.1994) (quoting *State ex rel. Goodloe v. Wurdeman,* 286 Mo. 153, 227 S.W. 64, 67 (1910)). Thus, Ms. Hebert lacks standing to appeal the probate court's dismissal of her motion to remove Mr. Schieber as guardian and conservator.[2] Our holding also applies to Ms. He-

---

**2.** Ms. Hebert argues that section 475.082.5 expands the class of "interested persons," in

this specific context, to include "persons [acting] on [the ward or protectee's] behalf."

bert's second point, in which she appeals from the probate court's denial of her motion to remove appointed counsel.

The appeal is dismissed.

All concur.

However, she has not been formally appointed or designated to act for Mrs. Schieber, and, in an unchallenged ruling, the probate court refused to admit into evidence the letters purportedly written by Mrs. Schieber upon which Ms. Hebert relies to support her claim that she is acting at Mrs. Schieber's request. Thus, even if we were to agree with Ms. Hebert's construction of the relevant statutes, we could not say that the trial court was required to find that Ms. Hebert was acting "on ... behalf" of Mrs. Schieber, whom the court had previously determined to be totally incapacitated and disabled.