**In the Interest of R.C.H.**

**No. ED 99700.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 19, 2013.

Rehearing Denied Jan. 13, 2014.

Nathan S. Cohen, Clayton, MO, for appellant.

David M. Slaby, Clayton, MO, for respondent.

ANGELA QUIGLESS, Judge.

## I. INTRODUCTION

M.H. and D.H. ("Appellants"), the paternal grandparents of minor R.C.H., appeal the judgment of the probate division of the Circuit Court of the City of St. Louis dismissing their petition for removal of the child's guardian, M.C. ("Respondent"), appointed pursuant to the probate code. In their sole point on appeal, Appellants argue that the probate court erred in granting Respondent's motion to dismiss Appellants' petition to remove guardian and appoint successor guardian based upon Appellants' lack of standing. Because we find Appellants are not "interested persons" entitled to appeal under the probate code, we dismiss their appeal for lack of standing. We do not address the merits of Appellants' point on appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2009, the probate court appointed R.C.H.'s maternal great-grandmother, Respondent, as his guardian. The parties before the court at that time were J.H. (natural father), M.C. (natural mother), and Respondents. Appellants were not parties to the guardianship petition.[1]

---

1. Subsequent to the court's award of guardianship to Respondent, Appellants moved the court to grant them leave to intervene and file a motion to amend the court's judgment, which the court denied.

On June 12, 2012, Appellants filed a petition to remove guardian and for appointment of successor guardian. Respondent then filed a motion to dismiss Appellants' petition. The motion to dismiss was heard and submitted, and the probate court entered a judgment dismissing Appellants' petition for lack of standing. In its judgment the probate court noted that (1) Appellants were not "interested parties" for the purposes set forth in the guardianship statute, and (2) the probate division had not "granted to them any rights to the person of [R.C.H.] which would bestow upon them legal standing to pursue the [petition]." Appellants appeal.

## III. DISCUSSION

■ As an initial matter, we address Respondent's motion to dismiss the appeal that was taken with the case. In her motion, Respondent claims Appellants lacked standing to appeal the probate court's judgment because Appellants were not "interested persons" as defined by section 472.010(15)[2] of the probate code and, therefore, did not have standing to appeal pursuant to section 472.160.1. We agree.

■ The question of whether a party has standing to appeal is a threshold issue, which we review *de novo*. *See In re Estate of Whittaker*, 261 S.W.3d 615, 617 (Mo.App. E.D.2008). Because the right to appeal from a probate court's judgment is purely statutory, the applicable statutes are to be liberally construed to favor the right to appeal. *State ex rel. Baldwin v. Dandurand*, 785 S.W.2d 547, 549 (Mo. banc 1990); *Estate of Sturmfels v. Freder-*

*ick*, 261 S.W.3d 559, 562 (Mo.App. E.D. 2008).

The guardianship statute provides for the applicability of the probate code to guardianship actions. Section 475.020.[3] "It also allows for substitution of title description and equates guardianships to decedents' estates unless there exists an inconsistent provision in the guardianship code." *In re Estate of Juppier*, 81 S.W.3d 699, 701 (Mo.App. E.D.2002). "The probate code contains a specific set of statutes that govern when a party may appeal from a judgment issued by the probate court, including guardianships...." *Whittaker*, 261 S.W.3d at 617. Under the probate code, aggrieved "interested persons" are entitled to appeal final orders or judgments of the probate court. Section 472.160.1(14). Thus, to have standing to appeal, Appellants must be aggrieved "interested persons." *Juppier*, 81 S.W.3d at 701.[4]

Section 472.010(15) of the probate code defines "interested persons" as follows:

[H]eirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. "Section 472.010(15) contains a caveat that this definition may vary at different stages and different parts of a proceeding and must be determined according to a particular purpose and matter in-

---

2. All further statutory references are to Revised Statutes of Missouri (RSMo) 2000, updated through the 2012 Cumulative Supplement.

3. "Section 475.020 makes the provisions of chapter 472 of the probate code applicable to guardianships, 'unless therein restricted to

decedents' estates.'" *Sturmfels*, 261 S.W.3d at 563 (quotation omitted).

4. The denial of a request to remove a guardian is an appealable order under section 472.160.1(14) of the probate code. *Juppier*, 81 S.W.3d at 701.

volved." *Juppier*, 81 S.W.3d at 701 (internal quotations omitted).

When determining a party's status as an "interested person" under the probate code, the courts have been reluctant to extend the statutory definition of "interested person." *Id. See Whittaker*, 261 S.W.3d at 618; *In re Walker*, 875 S.W.2d 147, 149 (Mo.App. E.D.1994). This Court has limited its definition of an "interested person" to only include those with "a financial interest in an estate." *Juppier*, 81 S.W.3d at 701 (citing *Walker*, 875 S.W.2d at 150). Additionally, "the Missouri Supreme Court has refused to extend standing to a party with a 'purely sentimental or filial interest' in the ward or protectee, as such extension would be in direct contravention of legislative intent." *Id.* (citing *Walker*, 875 S.W.2d at 149–50). Therefore, although we "recognize the importance of a person's concern for a family member, under the current statutory scheme such an interest is insufficient to grant standing to appeal to a party who does not have a financial interest in an estate." *Id.*[5]

We find this Court's analysis in *In re Estate of Juppier* is instructive in this case. In *Juppier*, the grandparents moved the trial court to remove the guardians of their minor grandson and appoint successor guardians. *Id.* at 700. The trial court denied the motion and the grandparents appealed. *Id.* On review, this Court found that the grandparents were not "interested parties" entitled to appeal under the probate code as they did not have a vested financial interest in their grandson's estate. *Id.* at 702.

Here, R.C.H. does not yet have heirs or devisees, and Appellants are not his spouse, creditor, or persons with a property right or claim against his estate. As such, Appellants do not qualify as "interested persons" as defined by section 472.010(15). The statutory definition and the relevant case law compel us to conclude that Appellants, lacking a vested financial interest in R.C.H.'s estate, do not have standing to appeal the court's judgment.

Appellants concede in their brief that had the court held an *evidentiary hearing* on their motion to remove guardian, any judgment rendered pursuant to that hearing would *not* have been appealable by them under section 472.160.1(14), which restricts standing to appeal such decisions to aggrieved "interested persons." Appellants argue that they do have standing to appeal because the court failed to grant them an evidentiary hearing on their motion to remove guardian. Initially, we note that the holding of an evidentiary hearing pertaining to the removal of a guardian is at the court's discretion.[6] However, regardless of whether an evidentiary hearing was conducted, Appellants would not have met the definition of "interested person" under the probate code. We find no authority for the proposition that the failure to conduct an evidentiary hearing—pertaining to a petition for removal of a guardian—confers standing *to appeal* on a person lacking a vested financial interest in the ward or protectee's estate.

---

5. As previously stated by this Court, "[t]he legislature may wish to reconsider the-wisdom of equating guardianships to decedents' estates. The rights and responsibilities to be adjudicated as to the care and custody of a minor or incapacitated person bear little resemblance to those found in the administration of a decedent's estate." *Id.* at 701 n. 3.

6. Section 475.082.5 of the guardianship statute states that "the court *may* order ... a hearing" if it appears "upon motion of any interested person, including the ward or protectee or some person on his behalf," that a guardian is not "discharging his responsibilities and duties ... or has not acted in the best interest of his ward or protectee." Section 475.082.5 (emphasis added).

Accordingly, Respondent's motion to dismiss Appellants' appeal is granted as Appellants lack standing as "interested persons" to appeal the trial court's judgment. We do not address the merits of Appellants' point on appeal.

The appeal is dismissed.

MARY K. HOFF, P.J., and KURT S. ODENWALD, J., Concur.