Point I - Standing
"Because standing is a question of law, review of the issue on appeal is de novo. " CACH, LLC v. Askew , 358 S.W.3d 58, 61 (Mo. banc 2012).
Section 475.082.5 allows any "interested person"[5] to file a motion alleging that a guardian or conservator is not discharging his or her statutory responsibilities and duties or has not acted in the best interests of his or her ward or protectee. Upon the filing of such a motion:
or if the probate court independently as part of its status review determines the [guardian or] conservator is not performing his [or her] duties or acting in the [ward's or] protectee's best interests, the probate court may order a hearing be held and cause the [guardian or] conservator to appear before the court.
Sturmfels v. Frederick (In re Estate of Sturmfels) , 261 S.W.3d 559, 563 (Mo. App. E.D. 2008) (citing § 475.082.5). "If the court subsequently finds the [guardian or] conservator is not discharging his [or her] duties and responsibilities as required, it may order the [guardian's or] conservator's removal." Id. See also In re Estate of Phillips , 901 S.W.2d 304, 307 (Mo. App. S.D. 1995) (where the record demonstrates that the guardian and conservator is not performing the duties required thereof, the probate court may remove the guardian and conservator on its own motion).
Here, the probate court never ruled upon Carol's motion to remove Robert as guardian and conservator; instead, the January 23, 2018 ruling accomplished two things: first, upon the recommendation by the GAL and the probate court's own independent *655 review of Robert's malfeasance during the course of the proceedings, the probate court removed Robert as guardian and conservator for Larry; second, the probate court granted Carol's petition for appointment of successor conservator and guardian, thereby appointing Carol in both successor roles.[6] Accordingly, Robert's standing argument on appeal is misplaced.
Stated another way:
• On appeal, Robert does not challenge the probate court's independent authority in April 2017 to appoint a GAL to serve as an attorney for Larry to investigate Larry's guardianship and conservatorship by Robert as Larry's fiduciary.
• On appeal, Robert does not challenge that the GAL was authorized to make reports and recommendations to the probate court.
• On appeal, Robert does not challenge either the authority of the probate court to determine, or the probate court's conclusion, on its own motion in October 2017, that there was reason to believe that Robert was not performing the duties required of a conservator, nor does Robert challenge the probate court's emergency appointment of Carol as an emergency conservator for Larry at that time.
• On appeal, Robert does not dispute that the GAL recommended to the probate court that Robert be removed as both guardian and conservator and Carol be appointed as successor guardian and conservator and, notably, Robert does not challenge the GAL's standing to make these removal and replacement recommendations to the probate court.
• On appeal, Robert does not challenge that the probate court is authorized, on its own motion and upon its own independent review of the record, to remove a guardian and conservator upon its finding that the guardian and conservator is not fulfilling the statutory obligations thereof.
• Carol's January 2018 petition for appointment of successor conservator and guardian mentions nothing about seeking removal of Robert as conservator and guardian and, instead, only posits Carol's qualifications to serve as a successor guardian and conservator.
• Though the January 23, 2018 order of the probate court granted Carol's petition for appointment of successor conservator and guardian, there is nothing in the January 23, 2018 order that granted Carol's motion to remove Robert as conservator and guardian; instead, the January 23, 2018 order makes clear that Robert's removal as guardian and conservator is based upon the GAL's recommendation and the probate court's independent determination based upon *656 the "course of conduct exhibited [by Robert] during these proceedings."
In summary, then, the probate court did not remove Robert as conservator and guardian by way of ruling upon Carol's March 2017 motion to remove; rather, the probate court removed Robert as conservator and guardian based upon the advice and recommendation of the GAL and the probate court's independent review of Robert's failure to comply with his statutory obligations as conservator and guardian. As Robert does not challenge the GAL or probate court's standing or authority to act in these proceedings on the topic of Robert's removal as guardian and conservator, his standing argument on appeal fails.
Point I is denied.
Point II - Sufficiency of the Evidence
In Robert's second point, he avers that the probate court's judgment removing him as guardian was not supported by substantial evidence of any of the relevant statutory grounds for removal in sections 475.082.5, 475.120, or 473.140.
"Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment." Ivie v. Smith , 439 S.W.3d 189, 199 (Mo. banc 2014). "Evidence has probative force if it has any tendency to make a material fact more or less likely." Id. "When reviewing whether the circuit court's judgment is supported by substantial evidence, appellate courts view the evidence in the light most favorable to the circuit court's judgment and defer to the circuit court's credibility determinations." Id. at 200. We accept as true the evidence and inferences favorable to the circuit court's judgment and disregard all contrary evidence. Id. "Circuit courts are free to believe any, all, or none of the evidence presented at trial." Id.
The probate court may remove a guardian if the guardian "is not discharging his responsibilities and duties as required by this chapter, or has not acted in the best interests of his ward," § 475.082.5, or is "incapable or unsuitable to execute the trust reposed in him, or fails to discharge his official duties." § 473.140. The general powers and duties of a guardian of an incapacitated person are "to take charge of the person of the ward and to provide for the ward's care, treatment, habilitation, education, support and maintenance." § 475.120.3. "[T]he powers and duties shall include, but not be limited to, the following:
(1) Assure that the ward resides in the best and least restrictive setting reasonably available;
(2) Assure that the ward receives medical care and other services that are needed;
(3) Promote and protect the care, comfort, safety, health, and welfare of the ward;
(4) Provide required consents on behalf of the ward;
(5) To exercise all powers and discharge all duties necessary or proper to implement the provisions of this section.
Id.
Viewing the evidence in the light most favorable to the probate court's judgment, as our standard of review requires, the record is replete with substantial evidence of Robert failing to discharge his official duties as guardian and failing to act in Larry's best interests:
Assure that the ward resides in the best and least restrictive setting reasonably available:
• Robert left Larry in the care of Mary's fourteen-year-old son overnight *657 and failed to realize that it was improper;
• Robert left Larry in the care of Mary's fourteen-year-old son when Larry's personal assistant left for the day, and Robert did not consider it an issue that Kevin played with technology in his room and did not monitor Larry;
• Robert isolated Larry from Carol and Steve because of how Robert perceived they were treating Mary and him;
• Robert stopped talking to Carol and refused to allow Carol to come to his home, not because of how Carol treated Larry but because of how Robert perceived Carol was treating Mary and him;
• Robert stopped taking Larry to the church that Larry had attended since 1978.
Assure that the ward receives medical care and other services that are needed:
• Robert changed Larry's longtime physician;
• Robert changed Larry's case manager;
• Robert discontinued Larry's personal assistant services, although Larry had benefitted from the services;
• Robert stopped giving Larry his behavioral medications without consulting a physician, which resulted in Larry exhibiting heightened anxiety;
• Robert failed to consistently follow up with physicians on screenings or treatment for Larry's medical conditions.
Promote and protect the care, comfort, safety, health, and welfare of the ward:
• Robert and Mary began to "train" Larry on activities of daily living that Larry's support team thought were too advanced for him;
• Robert refused to allow Carol and Steve to obtain information about Larry from caseworkers and others, not because of how they were treating Larry but because of Robert's perception of how Carol and Steve were treating Mary and him;
• Robert refused to work with Carol as co-guardians;
• Robert struggled to separate his statutory responsibility and duties as guardian from his role as Larry's parent and from his relationship with his new wife;
• Robert refused to have any direct communication with Carol after she was appointed guardian ad litem;
• Robert had no contact with Larry after Carol was appointed guardian ad litem, and he did not intend on seeing Larry again.
In addition to the foregoing, Robert failed to file his annual report as guardian that was due October 31, 2017. "A guardian's failure to submit annual status reports to the circuit court can contribute to the circuit court's finding that the guardian is neglecting his statutory responsibilities and duties." In re Oliva v. Oliva , 113 S.W.3d 269, 275 (Mo. App. W.D. 2003). See also In re Estate of Pittman , 16 S.W.3d 639, 643 (Mo. App. W.D. 2000) (same). We conclude that substantial evidence supported the probate court's removal of Robert as Larry's guardian and Carol's appointment as Robert's successor.
Point II is denied.
Conclusion
We affirm the probate court's judgment.
Lisa White Hardwick and Anthony Rex Gabbert, Judges, concur.

"The term 'interested person' is not defined in Chapter 475. However, [s]ection 475.020 makes the provisions of [C]hapter 472 of the probate code applicable to guardianships, 'unless therein restricted to decedents' estates.' " Sturmfels v. Frederick (In re Estate of Sturmfels) , 261 S.W.3d 559, 563 (Mo. App. E.D. 2008). Section 472.010(15) defines "interested persons" as follows:
"Interested persons " means heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved.
And, the parties to this appeal do not dispute that a ward or protectee's sibling lacks standing to seek removal of a guardian or conservator based solely on his or her "purely sentimental or filial interest" in the ward or protectee. Hebert v. Schieber (In re Schieber) , 289 S.W.3d 256, 259 (Mo. App. W.D. 2009) (internal quotation marks omitted). As we explain in our ruling today, however, the probate court did not base its guardianship and conservatorship removal ruling upon the request of a sibling with nothing more than "purely sentimental or filial interest" and, hence, Robert's "interested person" argument on appeal is nothing more than a red herring.

In pertinent part, the January 23, 2018 order states:
Mr. Riley appears with [Carol,] the emergency [guardian and conservator] and the petitioner for appointment of a successor guardian and conservator. Ms. Eliason appears with [Robert,] the guardian and the conservator. [GAL] appears as the court[-]appointed attorney for [Larry].... [GAL] makes an oral report to the court and recommends that the court grant the petition to appoint a successor guardian and conservator. Court finds that the criteria of Section 475.110 and 473.140 have been satisfied with regard to the removal of the current fiduciary[, Robert,] because of the course of conduct exhibited during these proceedings. Court grants the application for appointment of a successor guardian and conservator under Section 475.115, RSMo.