**MANCHESTER ENTERPRISES, INC.,
Plaintiff/Respondent,**

v.

**Ashok SHARMA, Defendant/Appellant.**

**No. WD 43314.**

Missouri Court of Appeals,
Western District.

Jan. 2, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 1991.

Application to Transfer Denied
April 9, 1991.

Wesley B. Jennings, Kansas City, for defendant/appellant.

Cleo H. Muller, Kansas City, for plaintiff/respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

This appeal involves an appeal by Ashok Sharma from an order which granted him all the relief he sought. Appeal dismissed.

Manchester Enterprises, Inc., filed suit against Sharma in February, 1989, for unlawful detainer. A default judgment was entered by an associate circuit judge on March 7, 1989, and on August 15, 1989, Sharma filed a motion to set aside the judgment under Rules 74.05 and 74.06. The associate circuit judge overruled such motion and Sharma thereupon filed an application for trial de novo. Manchester filed a motion to dismiss the application for trial de novo and on January 23, 1990, a circuit judge sustained the motion to dismiss and dismissed the application for trial de novo.

Sharma filed a timely motion for reconsideration of the order dismissing his application for trial de novo. On March 21, 1990, the circuit judge set aside the order of January 23.

Sharma appealed from the order setting aside the order of January 23 and overruling Manchester's motion to dismiss.

The order of March 21, 1990, granted Sharma all of the relief which he had sought, that is it set aside the order dismissing his application for trial de novo. Sharma now attempts to appeal from an order which granted him all of the relief which he sought. The right of appeal is statutory and it is fundamental that in order to appeal a party must be aggrieved by the judgment from which he appeals. A party cannot be aggrieved when the court

has granted all of the relief sought. *Eakright v. Eakright*, 689 S.W.2d 799, 800[1, 2] (Mo.App.1985).

The appeal is dismissed.

All concur.