Ann and David KLAGGE, Plaintiffs/Appellants,

v.

HYUNDAI MOTOR AMERICA, Defendant/Respondent.

No. ED 84337.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 2, 2004.

Adam J. Krohn, Kristin M. Liddle, Krohn & Moss, Ltd., Chicago, IL, for appellants.

Stephen M. Strum, Todd C. Stanton, Sandberg, Phoenix & von Gontard, P.C., St. Louis, MO, for respondent.

Before PATRICIA L. COHEN, P.J., KATHIANNE KNAUP CRANE, J. and ROBERT G. DOWD, JR., J.

PER CURIAM.

Plaintiffs, Ann and David Klagge, appeal from a judgment dismissing with prejudice their breach of warranty lawsuit against defendant Hyundai Motor America. On appeal they claim the trial court erred in imposing a sanction prohibiting them from testifying at trial and denying their request for a jury trial. Because their judgment gave plaintiffs all the relief they sought, they are not aggrieved parties. Appeal dismissed.

On December 26, 2002, plaintiffs filed a petition to recover damages on their claims for breach of written and implied warranties and revocation of acceptance under the Magnuson–Moss Warranty Act, 15 U.S.C. Section 2301 *et. seq.* (2004), arising out of their purchase of a Hyundai Santa Fe.

On December 15, 2003, defendant filed a Motion to Dismiss and Enter Sanctions based upon the plaintiffs' repeated failure to appear for depositions and the resulting prejudice to defendant. On January 14, 2004, the trial court granted defendant's motion for sanctions. It did not dismiss, but it prohibited plaintiffs from testifying in any form at trial and ordered them to pay $1,200 as sanctions for defendant's expenses associated with plaintiffs' failure to prosecute.

On January 24, 2004, plaintiffs sent a letter to the court explaining that the court's order prevented plaintiffs from proving their case at trial because plaintiffs planned to rely on their own testimony to prove defects and damages. The letter concluded:

> The trial court's Order, prohibiting the Plaintiffs from testifying, effectively dismissed the Plaintiffs case. Based on this Court's order, Plaintiffs will have no chance of sustaining their burden of proof at trial.

> Accordingly, in the interests of judicial economy, and in an effort to save this Defendant's time and money, Plaintiffs respectfully request this Court issue an Order of final judgment, from which Plaintiffs may appeal, prior to the February 17, 2004 trial setting. However, Plaintiffs only request such relief provided that this Court and Defendant do not construe the requested entry of judgment as a waiver of Plaintiffs' appellate rights.

Defendant thereafter filed a Renewed Motion to Dismiss seeking a dismissal with prejudice on the basis of plaintiffs' concession that they would be unable to make a submissible case at trial and request for a final appealable judgment. Plaintiffs did not file a response to this motion. The trial court subsequently entered a judgment granting defendant's renewed motion to dismiss. The judgment recited, in part:

Based on this Court's prior rulings, plaintiff concedes it cannot present sufficient evidence to make a submissible case. Plaintiff's cause is hereby *dismissed with prejudice* with costs assessed to plaintiff, including monetary sanctions in the amount of $2100, entered by this court for failure to prosecute.

Plaintiffs appeal from this order.

■ Defendant's original motion to dismiss and enter sanctions sought dismissal as a sanction for plaintiffs' failure to provide discovery. The trial court did not grant the motion to dismiss but imposed monetary sanctions and prohibited plaintiffs from testifying at trial. Although the Civil Rules gave plaintiffs other options in this situation, they wrote a letter to the court seeking a final judgment of dismissal, claiming they could not prove their case without the testimony excluded by the sanction order. Based on this concession, defendant then moved for dismissal with prejudice and, referencing plaintiff's concession, the court entered dismissal with prejudice.[1]

■ "The right of appeal is statutory and it is fundamental that in order to appeal a party must be aggrieved by the judgment from which he appeals." *Manchester Enterprises, Inc. v. Sharma*, 805 S.W.2d 186, 186 (Mo.App.1991). *See also* Section 512.020 RSMo (2000). Although plaintiffs sought a ruling that was detrimental to them, they obtained the judgment that they asked for, and are thus not "aggrieved" by the judgment so as to entitle them to appeal. "A party cannot be aggrieved when the court has granted all of the relief sought." *Manchester Enterprises*, 805 S.W.2d at 187.

---

1. Because the court had not dismissed, this is not the same situation as when a party asks

We are aware that plaintiffs asked that their action not be construed by defendant or the trial court to prohibit their ability to appeal. However, neither the parties nor the trial court can create appellate jurisdiction not conferred by statute.

Appeal dismissed.

---

that a dismissal order entered against it be made final for purposes of appeal.