**In re the ESTATE OF Julius Charles (J.C.) WHITTAKER.**

**No. ED 90171.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 17, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 2008.

Application for Transfer Denied
Sept. 30, 2008.

Albert C. Lowes, David Roth II, Cape Girardeau, MO, for appellant.

Chris N. Weiss, Jackson, MO, Wade M. Schuster, Scott City, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Janice Nelson (hereinafter, "Nelson") appeals from the probate court's judgment granting Suzanne Mullendore's (hereinafter, "Mullendore") petition seeking a full guardianship over their uncle, Julius Charles "J.C." Whittaker (hereinafter, "Whittaker"), an allegedly incapacitated and disabled person, and full conservatorship of Whittaker's estate. Nelson raises two points on appeal, challenging Mullendore's appointment as guardian and conservator. We dismiss the appeal.

On May 29, 2007, Mullendore, one of Whittaker's nieces, filed a petition seeking to be appointed Whittaker's full guardian and full conservator of his estate. The same day, Kenneth Brown (hereinafter, "Brown"), Whittaker's neighbor,[1] filed his petition requesting limited guardianship of Whittaker due to his partial incapacitation, and limited conservatorship of his estate because Whittaker was partially disabled. Nelson, another niece of Whittaker's, sub-sequently moved to be substituted for Brown as the party requesting partial guardianship and conservatorship. The probate court granted Nelson's motion prior to the hearing.

After waiving a jury trial, the probate court held an evidentiary hearing and entered its judgment on August 9, 2007. The probate court found Whittaker was 83 years old, suffers from "post delirium secondary to general medical condition (congestive heart failure, recent onset) and early stages of dementia" which rendered him incapacitated and disabled. The probate court further found Whittaker required placement in a supervised living facility which would be the least restrictive environment. The probate court then appointed Mullendore as Whittaker's full guardian and full conservator of his estate.

Nelson filed a timely notice of appeal with this Court. In her notice of appeal, Nelson listed the issues she expected to raise as: "(1) Whether the [probate court] erred in failing to appoint ... Nelson as guardian and conservator, for whom [Whittaker] expressed a preference; and (2) Whether the [probate court] erred in appointing ... Mullendore as guardian and conservator as to whom [Whittaker] had stated strong objection."

Mullendore filed a motion to dismiss Nelson's appeal with this Court, claiming Nelson lacked standing to appeal the probate court's judgment with respect to her appointment in that Nelson was not an "interested person" as defined by Section 472.010(15) RSMo (2000),[2] and therefore, could not appeal pursuant to Section 472.160. Nelson filed a responsive motion,

---

1. Brown would take Whittaker on errands and dine with him on occasion. During one visit, Brown noticed Whittaker's legs were swollen and transported him to Southeast Missouri Hospital, where Whittaker was admitted and treated for congestive heart failure. This hospital visit preceded Whittaker's involuntary commitment at Poplar Bluff Regional Medical Center, and subsequent placement in an assisted living facility. These proceedings were instituted shortly thereafter.

2. All statutory references are to RSMo (2000) unless otherwise indicated.

arguing she had standing pursuant to Section 512.020, and probate code Sections 472.160 and 472.170. Mullendore's motion to dismiss was taken with the case, and the parties addressed this issue further in the jurisdictional statement portion of their briefs.

■ Determining whether a party has standing is a threshold issue. *Executive Bd. of Missouri Baptist Convention v. Carnahan*, 170 S.W.3d 437, 445 (Mo.App. W.D.2005). When a party lacks standing, a court has no jurisdiction to grant the relief requested and the case must be dismissed. *Healthcare Services of the Ozarks, Inc. v. Copeland*, 198 S.W.3d 604, 612 (Mo. banc 2006); *Sherwood Nat'l Educ. Ass'n v. Sherwood–Cass R–VIII Sch. Dist.*, 168 S.W.3d 456, 462 (Mo.App. W.D.2005). We review the issue of standing *de novo*. *Columbia Sussex Corp. v. Missouri Gaming Com'n*, 197 S.W.3d 137, 140–41 (Mo.App. W.D.2006).

■ Rule 81.01 states the right of appeal shall be as provided by law. "The right to appeal from a probate court's judgment is purely statutory." *Matter of Walker*, 875 S.W.2d 147, 149 (Mo.App. E.D.1994). Without statutory authority, no right to appeal exists. *Houpt v. Houpt*, 174 S.W.3d 92, 96 (Mo.App. S.D.2005).

■ There is no dispute the probate court's judgment is final and appealable; the issue is whether Nelson has standing to challenge the judgment. Initially, Nelson asserts she has standing to appeal pursuant to Section 512.020, the general appeals statute. Nelson claims the probate court's denial of her petition for guardianship and conservatorship rendered her an aggrieved party entitled to appeal. Section 512.020 permits any party aggrieved by a final judgment in any civil case to appeal, provided the appeal is "not prohibited by the constitution, nor clearly limited in special statutory proceedings...." Mullendore argues Nelson is

precluded from appealing pursuant to this section because an appeal from a probate court's judgment is "clearly limited" by the special statutory provisions contained with the probate code. We agree.

■ The probate code contains a specific set of statutes that govern when a party may appeal from a judgment issued by the probate court, including guardianships and conservatorships. Thus, it is axiomatic the special provisions of the probate code would govern how a party should perfect such an appeal, as opposed to the general appeals provisions contained in Section 512.020.

■ Section 472.160.1 of the probate code provides "[a]ny interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court" under fourteen specific instances. The instance pertinent to this case is the final one, Section 472.160.1(14), which permits an aggrieved "interested person" to appeal from "all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting to or rejecting wills from probate." This section must be construed liberally to favor the right to appeal. *In re Estate of Juppier*, 81 S.W.3d 699, 700 (Mo.App. E.D.2002).

It is undisputed the judgment is final and appealable pursuant to Section 472.160. Mullendore challenges Nelson's status as an aggrieved "interested person" as it is defined in Section 472.010(15). That section defines an "interested person" as:

[H]eirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different

stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved;

This Court in *Matter of Walker, supra,* addressed this identical issue. In Walker, the ward's second cousin appealed the probate court's appointment of non-relatives as the ward's guardian and conservator of his estate. The second cousin also appealed, *inter alia,* the probate court's finding that the ward was partially incapacitated. *Walker,* 875 S.W.2d at 148.

At the outset, our Court addressed whether the second cousin had standing to appeal from the probate court's appointment of the ward's guardian and conservator. After an extended analysis of the pertinent statutes, their subsequent amendments, and the body of relevant caselaw dating back to 1910, we concluded the second cousin did not have standing because he lacked a vested financial interest in the ward's estate. *Id.* at 150.

In reaching this conclusion, the *Walker* court relied upon the definition of "interested person" in Section 472.010(15), recognizing the definition "contained a caveat that this definition 'may vary at different stages and different parts of a proceedings and must be determined according to the particular purpose and matter involved.'" *Id.* at 149, (*quoting* Section 472.010(15)). Our Court explained this caveat meant "while part of the definition of 'interested person' may be relevant to formulate the standing requirement in the guardianship code, other portions of this definition may not be applicable." *Id.*

The *Walker* court then acknowledged the courts' reluctance "to extend the defi-

nition of interested person" to those persons who have a "purely sentimental or filial interest" in the ward's estate. *Id.* at 149, (*quoting Goodloe v. Wurdeman,* 286 Mo. 153, 227 S.W. 64, 66 (1910)). Relying upon *Jacobsmeyer v. Cordes,* 700 S.W.2d 488 (Mo.App. E.D.1985), the 1986 legislative amendments to the definition of "interested person", and *Matter of Hancock,* 834 S.W.2d 239 (Mo.App. S.D.1992), *Walker* limited the definition of "interested person" to only include those individuals who have a vested, rather than expectancy, financial interest in the ward's estate. *Id.* at 150. The Court declared, "While we recognize the importance of one's concern for one's family, albeit an extended one, under the statutory scheme as it currently exists, such an interest is insufficient to bestow standing on a party who does not have a financial interest in the estate." *Id.* The Court went on to suggest that if the legislature intended to extend this definition "to grant parties who do not have the right to appeal the probate court's appointment of guardians and conservators, it would have made its intent to deviate from established standards clear ..." as it had in subsequent amendments. *Id.*

Following the analysis employed by *Walker,* we find it compels a similar resolution of this case.[3] Here, Nelson is Whittaker's niece who has no vested financial interest in Whittaker's estate. Any interest Nelson has is merely of a filial or sentimental nature. This interest is insufficient to confer standing on Nelson to challenge Mullendore's appointment as guardian and conservator per the holding in *Walker.*

■ Finally, Nelson argues she has standing to appeal pursuant to Section

---

**3.** We acknowledge Nelson has cited us to several decisions which appear to confer standing to others similarly situated to appeal the appointment of a guardian or conservator. However, we find these cases distinguishable and unpersuasive given the decisions assume without deciding the issue of standing and every case precedes this Court's decision in Walker which we find controlling.

472.170.1, which permits appeals from orders that determine a person's mental condition, and states in pertinent part:

> Appeals shall be allowed from the probate division of the circuit court to the appropriate appellate court in any case in which a final adjudication in an investigation of the mental condition of any person alleged to be disabled, incapacitated, or mentally ill has been made. The appeal may be made by the petitioner who applied for such adjudication, or by the person alleged to be disabled, incapacitated, or mentally ill, or by any relative of such person, or by any reputable citizen of the county in which the hearing occurred, or by an attorney for any of the foregoing persons.

We agree as "any relative" of Whittaker's, Nelson would have standing pursuant to this section to appeal. However, reading the plain language of this section, an appeal would be limited to challenging the probate court's ruling that Whittaker was incapacitated. *See Walker*, 875 S.W.2d at 151 (holding later in the opinion this Court derived jurisdiction from Section 472.170 when second cousin challenged probate court's ruling ward was partially incapacitated). Yet, Nelson does not question the propriety of the probate court's ruling with respect to its determination that Whittaker's is incapacitated on appeal. Rather, Nelson seeks to use this section as a means of bootstrapping her objections to Mullendore's appointment, in order to gain standing. Nelson's suggested reading is an improper construction of this section, and does not offer an additional avenue for Nelson to challenge Mullendore's appointment.[4]

---

4. Nelson also argues she has standing based upon a "personal right" which derives from her alleged priority under Section 475.050 as the person Whittaker has nominated to be his guardian. Nelson assumes the evidence supports a finding that "at the time of the hearing, [Whittaker was] able to make and communicate a reasonable choice" as to who he wanted as permitted by Section 475.050.1(1); thus, she has standing. We disagree, based upon our review of the transcript, especially upon reviewing Whittaker's frequently confused and incoherent testimony.

Based upon this Court's holding in *Walker*, the precedent relied upon therein, and the plain language of Section 472.010(15)'s definition of "interested person," we are compelled to conclude Nelson, who does not have a vested financial interest in Whittaker's estate, lacks standing to challenge Mullendore's appointment as Whittaker's guardian and conservator of his estate. Mullendore's motion to dismiss Nelson's appeal is granted. We do not reach the merits of Nelson's points on appeal.

Nelson's appeal is dismissed.

MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., concur.