

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| IN THE MATTER OF BOBBIE SUE LAWSON, an incapacitated and disabled person,<br><br>JOHN MURPHY and LINDA MURPHY,<br><br>Appellants,<br><br>vs.<br><br>SHERRY PRUIETT and PAMELA HALE,<br><br>Respondents. | No. SD34141<br><br>FILED: May 23, 2016 |

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer, Judge

(Before Scott, P.J., Bates, J., and Sheffield, C.J.)

## APPEAL DISMISSED

PER CURIAM.  The Murphys appeal a probate-division order that ratified respondents' actions relating to leases of the protectee's farm and denied the Murphys' opposing motions for lack of standing. We dismiss the appeal because the Murphys do not allege and we do not see how that order aggrieves them.

## Background

In 2006, Bobbie Sue Lawson leased the Murphys her 1127-acre farm through 2013, with options to renew by mutual agreement for up to seven more years. During the initial lease term, in 2011, Ms. Lawson was adjudicated totally disabled and incapacitated. Respondents were appointed her co-guardians and co-conservators and have served continuously since then.[1]

### Separate Litigation

Several years into the conservatorship, disputes arose between the Murphys and respondents regarding farm rights after the Murphys' initial lease term. The Murphys would not vacate the farm and respondents sought to evict them. Litigation ensued, including the Murphys' five-count circuit court action against respondents and the farm's new lessees. When respondents filed counterclaims, the Murphys moved to dismiss them, asserting that respondents lacked proper authorization to file counterclaims or even to continue their protectee's farming business.

### Probate Motions

Two weeks later, respondents moved in the probate division for "this Court to authorize the actions they have taken and allow them to continue to deal with

---

[1] The record does not indicate respondents' relationship to Ms. Lawson, if any. We glean only that Ms. Lawson had given her farm manager an instrument nominating him as guardian and conservator, but the court did not appoint him "due to criminal charges being filed against him" or appoint Ms. Lawson's second nominee due to a conflict. Rather, the court appointed respondents, who lived in Texas, "to serve without bond at this time" with certain restrictions on acting without written court authorization. In the next four months, the court twice confirmed respondents' appointment and authority to act and set a $500,000 fiduciary bond which respondents posted. Later docket entries through 2015 reflect respondents' substantial activity on behalf of the protectee and estate, all apparently approved, confirmed, or ratified by the court.

farming operations on the Lawson Farm and to prosecute and to defend certain lawsuits that have arisen from the Ward's farm property."

The Murphys responded with two probate-division motions that opposed respondents' request and disputed respondents' authority as conservators both in general and specifically regarding farm operations, leases, and related litigation.

After a hearing, the probate division denied the Murphys' motions for lack of standing and sustained respondents' motion.  The Murphys seek to appeal that order.

## Analysis

As a threshold issue, we must determine that the Murphys have standing to bring this appeal.  *In re Estate of Whittaker*, 261 S.W.3d 615, 617 (Mo.App. 2008).  Otherwise, we must dismiss.  *Id.*

The right to appeal is statutory and it is fundamental that an appellant be "aggrieved" by the challenged ruling.  *See* *Klagge v. Hyundai Motor America*, 148 S.W.3d 857, 859 (Mo.App. 2004); § 512.020 (party aggrieved by judgment in civil case may appeal).[2]  Here, § 472.160 "requires the interested person seeking to appeal from an order, judgment or decree of the probate court to have been 'aggrieved thereby.'" *In re Estate of Soengen*, 412 S.W.2d 533, 536 (Mo.App 1967).

The Murphys' assertions of standing focus on whether they are "interested persons" (§ 472.010(15)).  They never claim the order aggrieves them and we cannot

---

[2] Unless otherwise indicated, statutory citations are to RSMo 2000. Cited chapter 472 probate code provisions apply to the subject proceedings pursuant to § 475.020.

see how it does.

- *Removal/suspension of conservators*: On this record, we fail to discern the Murphys' cognizable interest in the identity of court-appointees who represent the protectee generally or in litigation with the Murphys. *Cf.* **Campbell v. Director of Revenue**, 297 S.W.3d 656, 658-59 (Mo.App. 2009) (litigant lacked legally cognizable interest in how, or by whom, his opponent was provided legal representation; also no attempt to show prejudice and only prejudicial error is reversible).

- *Ratification*: Below, the Murphys suggested some uncertainty whether respondents had acted on the estate's behalf or personally in farm and farm-lease dealings. Even if we credit this alleged uncertainty, the probate division's order resolves it, which should not aggrieve the Murphys either.[3]

## Conclusion

Our inability to see how this probate order aggrieves the Murphys, coupled with their failure to assert, argue, or claim that it does, effectively ends our inquiry. We deny all motions taken with the case and dismiss the appeal.

---

[3] This issue further illustrates the "interested" vs. "aggrieved" distinction. The Murphys had suggested uncertainty whether respondents had (1) *any* authority as conservators due to a failure (later remedied) to designate a Missouri agent for service of process per § 473.117.3; or (2) sufficient court approval to continue the protectee's farming business, etc., under their initial appointment described in note 1 *supra*. Arguably the Murphys thus had "an interest in knowing that the person … who may obtain judgment against [them] is lawfully entitled to receive such money or to obtain and enforce such judgment" and they were not at risk "of being required to pay an unauthorized person once and later be required to pay again upon demand or suit of validly appointed administrator," **In re Dugan's Estate**, 309 S.W.2d 137, 141 (Mo.App. 1957), and similarly that any judgment they might get on their own claims would be against the "right" party. However, the probate court satisfied this interest by confirming respondents' authority, a ruling that did not aggrieve but benefitted the Murphys, whose interest did not include "obtaining a decision according to some view of the law that they may have themselves entertained, or have been advised by counsel." **State ex rel. St. Louis Union Trust Co. v. Sartorius**, 164 S.W.2d 356, 359 (Mo. banc 1942) (citation and internal quotation marks omitted).

4



# Missouri Court of Appeals

## Southern District

### Division One

IN THE MATTER OF )
BOBBIE SUE LAWSON, an )
incapacitated and disabled person, )
)
JOHN MURPHY and LINDA MURPHY, )
)
          Appellants, )
)   No. SD34141
  vs. )
)   Filed: May 23, 2016
SHERRY PRUIETT and )
PAMELA HALE, )
)
          Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer, Judge

## CONCURRING OPINION

I concur with the principal opinion's decision. In a separate lawsuit, the Murphys have brought multiple causes of action which seek to preserve and defend an asserted leasehold interest in the farm in question. If the Murphys are successful, such action would provide a complete remedy for any damages they may have sustained. The identity of the conservators (who are vested by statute with the obligation to bring and defend claims against the estate) is immaterial because it is the estate that will be bound

by the outcome of that separate lawsuit.  Since the estate will be bound if the Murphys win their separate lawsuit, no standing exists for the Murphys to appeal the denial of their motion to change conservators.

**MARY W. SHEFFIELD, C.J. – CONCURRING OPINION AUTHOR**