

# Missouri Court of Appeals
## Southern District

### In Division

IN THE INTEREST OF: )
Z.N.B. and A.L.C., )
Minor children under seventeen )
years of age, )
)
CARTER COUNTY JUVENILE )
OFFICER, )
          Petitioner-Respondent, )
v. ) Nos. SD 38171, 38174, 38175 & 38176
) Filed: November 14, 2024
B.L.C., )
          Intervenor-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF CARTER COUNTY

Honorable Steven F. Lynxwiler, Associate Circuit Judge

**APPEAL DISMISSED**

B.L.C. (Foster Parent) appeals from a second-amended judgment awarding guardianship of two sisters, Z.N.B. and A.L.C. (collectively, the Children), to their maternal great aunt, E.C. (Great Aunt). The probate division of the circuit court found: (1) both Foster Parent and Great Aunt were "equal and suitable placement providers" for the Children, but that Great Aunt, as a biological family member, was the most suitable person to be appointed as

guardian; and (2) that her appointment served the best interests of the Children, as required by § 475.045.[1]

On appeal, Foster Parent presents four points. All of them challenge the judgment appointing Great Aunt as guardian of the Children. Because Foster Parent lacks standing to appeal that judgment, we dismiss her appeal.

### Factual and Procedural Background

Given our disposition, a brief summary of the facts will suffice. Z.N.B. was born in April 2014, and A.L.C. was born in October 2020. The Children share the same biological mother, A.C. (Mother). Mother's mother, F.V. (Grandmother), and Great Aunt are sisters.

In April 2014, when Z.N.B. was born, Mother was staying with Great Aunt, who babysat Z.N.B. and provided for her needs. Great Aunt continued to care for Z.N.B. on a regular basis even after Mother moved in with Grandmother. In September 2015, when Z.N.B. was around one-and-half years old, Grandmother was appointed her guardian by the probate division of the Carter County Circuit Court (hereinafter, Probate Division).[2]

On October 25, 2019, Z.N.B. was removed by the Children's Division (Division) from Grandmother's home. The removal was due to, *inter alia*, unsanitary, unsafe conditions and Mother's drug paraphernalia located within easy reach. On October 26, 2019, the Carter County chief juvenile officer filed a petition in the juvenile division of the Carter County Circuit Court (hereinafter, Juvenile Division) alleging that Z.N.B. was in need of care and treatment.

---

[1] All statutory references are to RSMo (2016), unless otherwise specified. All rule references are to Missouri Court Rules (2023).

[2] The Probate Division judge found that Mother and the respective biological fathers of Z.N.B. and A.L.C. were "unfit, unable, or unwilling to care" for them.

2

In early January 2020, Z.N.B. was placed with Foster Parent. In September 2020, a permanency hearing was held, wherein it was decided that Z.N.B. would remain in protective custody and that efforts for reunification with Grandmother would continue.

In October 2020, when A.L.C. was born, she spent four weeks in the neonatal intensive care unit. On November 4, 2020, the Carter County deputy juvenile officer filed a petition in the Juvenile Division alleging that A.L.C. was in need of care and treatment. After A.L.C. was discharged from the hospital, she was placed with Z.N.B. in Foster Parent's home. At this point, the Children were both involved in pending juvenile cases.

In February 2021, Great Aunt filed a motion to intervene and a motion for placement in both Juvenile Division cases, requesting removal of the Children from Foster Parent's home and placement in her own home in Arkansas. On March 5, 2021, Foster Parent filed a petition in the Probate Division to remove Grandmother as guardian for Z.N.B. and appoint Foster Parent as successor guardian. On March 18, 2021, Great Aunt filed a competing petition in the Probate Division requesting the removal of Grandmother as guardian and the appointment of Great Aunt as successor guardian for Z.N.B. Foster Parent filed a motion to consolidate Z.N.B.'s Juvenile Division case with her Probate Division guardianship case. That motion was granted in April 2021. Since that time, the Children's juvenile cases and Z.N.B.'s probate case have moved contemporaneously together.

On October 28, 2021, Foster Parent filed a petition in the Probate Division to be appointed as A.L.C.'s guardian. In November 2021, Great Aunt filed motions: (1) to intervene in A.L.C.'s probate case; and (2) for visitation in the pending juvenile cases for both of the Children. In December 2021, after a hearing, the trial court granted visitation to Great Aunt, which developed into overnight weekend visits in her home every other week.

In May 2022, a trial was held and the consolidated Probate Division and Juvenile Division cases were taken under advisement. In April 2023, the trial court entered a consolidated judgment in favor of Great Aunt, disposing of both the Probate Division and Juvenile Division cases. In the Probate Division cases, the court removed Grandmother as guardian of Z.N.B. and appointed Great Aunt as guardian of both of the Children. In the Juvenile Division cases, the court ordered that the Children be placed with Great Aunt. On August 4, 2023, following after-trial motions, the court entered a second-amended judgment reaching the same result. This appeal by Foster Parent followed.

### Discussion and Decision

Rule 84.04(b) requires an appellant to include a jurisdictional statement in an appellate brief. ***Id***. Foster Parent's jurisdictional statement does not cite any statute giving her the right to appeal from the guardianship ruling.

Therefore, as a threshold issue, we must determine *sua sponte* whether Foster Parent has standing to appeal. ***In Matter of Lawson***, 496 S.W.3d 620, 622 (Mo. App. 2016). If standing is lacking, we must dismiss her appeal. ***Id***. We review the issue of standing *de novo*. ***In re Est. of Whittaker***, 261 S.W.3d 615, 617 (Mo. App. 2008). Appellate jurisdiction cannot be conferred by waiver, acquiescence, or express consent. *See, e.g.*, ***Jefferson City Med. Grp., P.C. v. Brummett***, 665 S.W.3d 380, 384 (Mo. App. 2023); ***C.G. Sewing v. Scot. Rite of Kansas City***, 582 S.W.3d 138, 139 (Mo. App. 2019); ***Boone v. Boone***, 438 S.W.3d 494, 497 (Mo. App. 2014).

Foster Parent is appealing from a judgment, issued by the Probate Division, that appointed Great Aunt as the guardian of the Children. The right to appeal such a judgment is purely statutory. ***Matter of Huelsing***, 682 S.W.3d 65, 71 (Mo. App. 2023); *see also* ***In re Est. of Burg***, 68 S.W.3d 543, 544 (Mo. App. 2001). When a statute does not give a right to appeal,

4

no right exists. ***Jefferson Cnty. 9-1-1 Dispatch v. Plaggenberg***, 645 S.W.3d 473, 475 (Mo. banc 2022).

The general appeal statute, § 512.020, does not apply to this proceeding. The "probate code" is defined to mean chapters 472, 473, 474 and 475 of the Revised Statutes of Missouri. § 472.010(5). As explained by the eastern district of this Court:

> The probate code contains a specific set of statutes that govern when a party may appeal from a judgment issued by the probate court, including guardianships and conservatorships. Thus, it is axiomatic the special provisions of the probate code would govern how a party should perfect such an appeal, as opposed to the general appeals provisions contained in Section 512.020.

***Est. of Whittaker***, 261 S.W.3d at 617. Accordingly, we must examine the probate code to determine which statutory section provides for a right to appeal from a judgment appointing a guardian, and to whom that right is given.

In relevant part, § 475.020 states that "[t]he provisions of chapter 472, unless therein restricted to decedents' estates, apply to guardianships and conservatorships." One of the powers granted to a probate division of the circuit court is the appointment of a guardian for a minor. *See* § 472.020; § 475.045. The statute authorizing an appeal from a judgment of a probate division appointing a guardian is § 472.160. In relevant part, this statute states:

> Any *interested person aggrieved thereby* may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:
>
> [subparagraphs (1)-(13) do not apply]
>
> (14) In all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting to or rejecting wills from probate.

§ 472.160.1(14) (italics added). Thus, a judgment appointing a guardian can only be appealed by an "interested person" aggrieved by the judgment. ***In re R.C.H.***, 419 S.W.3d 158, 160 (Mo.

5

App. 2013); *Est. of Whittaker*, 261 S.W.3d at 617; *In re Est. of Juppier*, 81 S.W.3d 699, 701 (Mo. App. 2002).

Effective August 28, 2018, § 475.010 was amended to add a specific definition of interested persons applicable to guardianship proceedings. Because this new section is part of the probate code, it must be read *in pari materia* with § 472.160.1(14) to determine who has a statutory right to appeal from a judgment appointing a guardian. *See Citizens Elec. Corp. v. Dir. of Dep't of Revenue*, 766 S.W.2d 450, 452 (Mo. banc 1989) (in construing a statute "it is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed"); *see also Spurgeon v. Missouri Consol. Health Care Plan*, 549 S.W.3d 465, 467 n.5 (Mo. App. 2018) (same holding).[3] In relevant part, the 2018 amendment to § 475.010 states:

> When used in this chapter, unless otherwise apparent from the context, the following terms mean:
> …
>
> (12) **"Interested persons"**, spouses, children, parents, adult members of a ward's or protectee's family, creditors or any others having a property right or claim against the estate of a protectee being administered, trustees of a trust of which the ward or protectee is a beneficiary, agents of a durable power of attorney for a ward or protectee, and children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and shall be determined according to the particular purpose and matter involved[.]

---

[3] *In pari materia* refers to a rule of construction that directs that "consistent statutes relating to the same subject ... are construed together as though constituting one act, whether adopted at different dates or separated by long or short intervals." *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 200 (Mo. banc 1991). The rule "proceeds upon the supposition that the statutes in question are intended to be read consistently and harmoniously in their several parts and provisions." *Id.*; *see also Page v. Scavuzzo*, 412 S.W.3d 263, 269 (Mo. App. 2013).

§ 475.010(12) RSMo Cum. Supp. (2018). Foster Parent does not fall within any of the defined categories in this new subsection. Therefore, she is not an "interested person" with standing to appeal from the judgment appointing Great Aunt as guardian of the Children.

In so holding, we acknowledge that some prior opinions have simply assumed an appellant had standing to appeal from a judgment appointing a guardian without conducting the required statutory analysis of that issue. *See, e.g.*, *In re D.E.B.*, 244 S.W.3d 766, 767 (Mo. App. 2008); *Matter of Say*, 804 S.W.2d 435, 436 (Mo. App. 1991); *Brown v. Storz*, 710 S.W.2d 402, 405 (Mo. App. 1986). These cases are factually distinguishable because they were decided before § 475.010(12) RSMo Cum. Supp. (2018) was adopted to define interested persons, and they are unpersuasive because no analysis of the standing issue was actually performed. *See Est. of Whittaker*, 261 S.W.3d at 618 n.3.

The result we reach here is consistent with prior appellate decisions involving standing to appeal the appointment of a guardian that predate the adoption of § 475.010(12) RSMo Cum. Supp. (2018). Chapter 472 has its own definition of "interested persons" in § 472.010(15). This subparagraph of the statute states:

> When used in this code, unless otherwise apparent from the context:
> …
>
> (15) **"Interested persons"** mean heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved[.]

§ 472.010(15). This definition has remained the same since 1986 and is limited to those who have "a property right or claim against the estate" of a decedent or protectee. *Id*. Prior to the 2018 adoption of § 475.010(12) in chapter 475, several appellate decisions concluded that the appellants lacked standing to appeal from a judgment appointing a guardian because they did

not fall within the definition of "interested persons" in § 472.010(15). *See, e.g.*, *In re R.C.H.*, 419 S.W.3d at 161 (because appellants were not the ward's spouse, creditor, or persons with a property right or claim against the estate, they "do not qualify as 'interested persons' as defined by section 472.010(15)"); *Est. of Whittaker*, 261 S.W.3d at 618 (appellant, who was the ward's niece, only had an interest of a filial or sentimental nature, which was "insufficient to confer standing" to appeal from a judgment appointing a guardian); *Est. of Juppier*, 81 S.W.3d at 700-02 (grandparents of a minor child, who were concerned about their family member, did not fall within the statutory definition of interested persons and therefore lacked standing to appeal from the order appointing the child's aunt and uncle as guardians); *Matter of Walker*, 875 S.W.2d 147, 150 (Mo. App. 1994) (appellant, who was the ward's second cousin, only had an interest of a filial or sentimental nature, which was "insufficient to bestow standing" to appeal the appointment of a guardian or conservator). The new definition in § 475.010(12) RSMo Cum. Supp. (2018) does not require a property interest or claim against the estate for "spouses, children, parents, [or] adult members of a ward's or protectee's family[,]" but Foster Parent does not fall within any of those categories. *See Id*.

Because Foster Parent lacks standing, her appeal is dismissed.


JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MATTHEW P. HAMNER, J. – CONCUR