

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| IN THE MATTER OF QUEEN JOHNSON DOZE, | ) |
| | ) |
| Respondent; | ) |
| | ) |
| DEANDRE DOZE, | ) WD86809 |
| | ) |
| Respondent, | ) OPINION FILED: |
| | ) |
| v. | ) APRIL 29, 2025 |
| | ) |
| MARIAH DOZE, | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Boone County, Missouri**
**The Honorable Stephanie M. Morrell, Judge**

**Before Division 4: Anthony Rex Gabbert, Chief Judge,**
**Presiding, Janet Sutton, Judge, Calan T. McConkey, Special Judge**

Mariah Doze appeals the circuit court's judgment on her and DeAndre Doze's

competing petitions for appointment of a guardian and conservator for Queen Doze, a

sister to Mariah[1] and daughter to DeAndre.  On appeal, Mariah contends the circuit court,

1) erred in finding Queen waived her right to a jury trial; 2) erred in allowing Queen's

trial counsel to waive Queen's right to be present at the hearing on Mariah and

---

[1]As the parties in this case share the same last name, they will be referenced by their first names herein.  No familiarity or disrespect is intended.

DeAndre's petitions; 3) erred in finding Queen totally incapacitated and disabled, arguing there was no substantial evidence to support the finding; 4) erred in finding Queen totally incapacitated and disabled, arguing the finding was against the weight of the evidence; 5) erred in finding DeAndre suitable and qualified to serve as Queen's guardian and conservator; 6) erred in ordering that Queen shall not retain the right to vote, marry, and drive; and 7) erred in not including detailed findings of fact compliant with Section 475.075.14[2] in its judgment. We affirm.

## Background and Procedural Information

On January 12, 2023, Mariah filed a "Petition for Appointment of a Guardian and/or Conservator." Therein, she alleged that she is twenty-four years old and a resident of Maryland. Queen is Mariah's sister. Queen is twenty-one years old and a resident of Columbia, Missouri. Mariah alleged that Queen has an intellectual disability and is fully unable to meet essential requirements for food, clothing, shelter, safety or other care and, as such, serious physical injury, illness or disease is likely to occur. Queen also fully lacks the ability to manage her financial resources. Mariah alleged that there were no less intrusive alternatives to a limited guardianship and limited conservatorship to provide for Queen's care and financial needs. Mariah asked for access to Queen's financial information for supervisory purposes, and to determine Queen's care provider and

---

[2]All statutory references are to the Revised Statutes of Missouri, as updated, unless otherwise noted.

residential location. Mariah alleged that she was seeking guardianship/conservatorship because Queen was at risk of serious physical injury, disease, and financial exploitation.

Several requests and exhibits were filed along with the petition, including affidavits by two other siblings of Queen. Mariah requested that DeAndre be ordered to produce Queen for medical examination, as Queen's medical condition was essential to resolution of the case.

On January 13, 2023, the circuit court appointed an attorney to represent Queen in connection with Mariah's petition for guardianship/conservatorship. On that same date, DeAndre filed his own petition to be appointed Queen's guardian and conservator. Therein he alleged that Queen is unable, by reason of autism spectrum disorder and intellectual disability to meet essential requirements for food, clothing, shelter, safety or other care such that serious physical injury, illness or disease is likely to occur. Further, that she is unable to make decisions for herself, manage her financial resources, and meet essential daily needs of living without supervision. He alleged there are no less intrusive alternatives to a full guardianship and conservatorship to provide for her care and financial needs.

On January 23, 2023, the court held an emergency hearing, at Mariah's request, to determine if an emergency guardianship/conservatorship was necessary. After taking the matter under advisement, the court concluded that such was unwarranted.

On August 30, 2023, the court held a hearing on both Mariah's and DeAndre's petitions. Queen was present for the hearing, represented by counsel, and waived a jury

3

trial.[3]  Mariah and DeAndre were also present and represented by counsel.  After hearing evidence and taking the matter under advisement, the circuit court entered Judgment on September 5, 2023, appointing Queen's father, DeAndre, as Queen's full guardian and full conservator.  Mariah filed a motion for rehearing and/or reconsideration, which the court denied.  This appeal follows.

## Standard of Review

"Review of the appointment of a guardian or conservator is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).  The judgment of the court is affirmed unless: (1) no substantial evidence supports it; (2) it is against the weight of the evidence; or (3) it erroneously declares or applies the law."  *In re Beyersdorfer*, 59 S.W.3d 523, 525 (Mo. banc 2001).  Questions of law are reviewed *de novo*.  *Fletcher v. Young*, 689 S.W.3d 161, 164 (Mo. banc 2024).

## Threshold Issue of Standing

"Determining whether a party has standing is a threshold issue."  *In re Estate of Whittaker*, 261 S.W.3d 615, 617 (Mo. App. 2008).  When a party lacks standing, a court has no jurisdiction to grant the relief requested.  *Id.*  "The right to appeal from a probate court's judgment is purely statutory, and the applicable statutes are to be liberally construed since the law favors the right to appeal."  *Matter of Walker*, 875 S.W.2d 147, 149 (Mo. App. 1994).

---

[3]The record reflects that Queen may have expressed an interest in leaving at some point, which the court allowed.

4

DeAndre contends that Mariah has no standing to bring five of her seven points on appeal, and has waived the other two. We agree.

Under Section 472.170, appeals are allowed from the circuit court's final adjudication in an investigation of the mental condition of any person alleged to be disabled, incapacitated, or mentally ill, and may be brought by the petitioner who applied for the adjudication. Two of Mariah's points (Points III and IV) challenge the circuit court's determination that Queen is totally incapacitated and disabled. While Mariah can statutorily bring these claims, they have been waived.

Mariah's "Petition for Appointment of a Guardian and/or Conservator" alleged that Queen has an intellectual disability and *fully* lacks the capacity to meet essential requirements for food, clothing, shelter, safety or other care. Further, that Queen *fully* lacks the ability to manage her financial resources. After hearing evidence, the circuit court agreed and entered a "Judgment of Incapacity and Disability." The court found Queen "totally incapacitated" and "totally disabled." Mariah now contends the court erred in finding Queen totally incapacitated and disabled and argues the court should have found Queen only partially incapacitated and disabled.

"An appellant cannot take a position on appeal contrary to the position taken at trial," and "remains bound to the position it took in the trial court." *Winter v. Winter*, 167 S.W.3d 239, 253 (Mo. App. 2005); *Eastwood v. North Cent. Missouri Drug Task Force*, 15 S.W.3d 65, 68 (Mo. App. 2000). Because Mariah advocated (and even presented evidence to support) that Queen is totally incapacitated and disabled, she cannot now

5

claim the circuit court erred in a finding Queen totally incapacitated and disabled. Mariah's third and fourth points on appeal are denied.

As to standing to bring Points I (Queen's waiver of a jury trial), II (Queen's waiver of her right to be present during hearings), V (DeAndre's appointment as Queen's guardian and conservator), VI (the court's ruling as to Queen voting, driving, and marrying), and VII (the court's financial findings), Mariah concedes that Section 472.170 has been interpreted to limit appeals under Section 472.170 to solely challenging the court's ruling regarding mental disability and incapacitation. Mariah argues, nevertheless, that "we are not bound by the opinions of other Missouri appellate courts" or our own opinions, and explains why she believes prior cases which addressed standing for appeals under Section 472.170 are misguided.

We find these arguments unpersuasive. In the cases discussed by Mariah, which span over a century and address the right to appeal under both Section 472.170 and Section 472.160 (the probate code's general appeal statute), there is no support for Mariah's claim that she has statutory authority to challenge more than the court's determination as to Queen's mental capacity and disability.

Section 472.170.1 states, in relevant part:

> Appeals shall be allowed from the probate division of the circuit court to the appropriate appellate court in any case in which a final adjudication in an investigation of the mental condition of any person alleged to be disabled, incapacitated, or mentally ill has been made. The appeal may be made by the petitioner who applied for such adjudication, or by the person alleged to be disabled, incapacitated, or mentally ill, or by any relative of such person, or by any reputable citizen of the county in

which the hearing occurred, or by an attorney for any of the foregoing persons.

In *Matter of Gonsalves*, 616 S.W.3d 745 (Mo. App. 2020), a granddaughter challenged the court's appointment of a mentally incapacitated/disabled woman's son, rather than the granddaughter, as the woman's conservator and guardian. Like Mariah, the granddaughter challenged her grandmother's waivers to a jury trial and attendance at hearings, and the son's appointment over the granddaughter as guardian and conservator. *Id.* at 747. Along with noting that the granddaughter could not invoke the probate code's general appeal statute (Section 472.160) for standing, the court held:

> The statute [Granddaughter] invokes, §472.170.1, does not support these challenges. '[R]eading the plain language of this section, an appeal would be limited to challenging the probate's ruling that [Grandmother] was incapacitated.' *Whittaker*, 261 S.W.3d at 619. *See also Matter of Walker*, 875 S.W.2d 147, 149-51 (Mo. App. 1994) ('the extent of a ward's disability can be appealed').

> [Granddaughter] cannot use § 472.170.1 to bootstrap standing to assert points outside the statute's scope. *Whittaker*, 261 S.W.3d at 619. 'Without statutory authority, no right to appeal exists.' *Id.* at 617. Appeal dismissed.

*Gonsalves*, 616 S.W.3d at 747. The same applies here. *See also In re Estate of Whittaker*, 261 S.W.3d 615 (Mo. App. 2008); *Matter of Walker*, 875 S.W.2d 147 (Mo. App. 1994).

While Mariah contends that Section 472.170.1 requires a reading outside the statute's plain language to provide greater protection for the rights of respondents and effectuate the spirit and force of Chapter "475's legislative intent by enabling appellants

7

to safeguard all of an alleged incompetent's rights, rather than just some," Chapter 475 already contains several safeguards. For example, Section 475.075.4 requires that an attorney be appointed to represent the respondent, seek the respondent's assistance, and investigate and "consider all circumstances then prevailing and act with care to safeguard and advance the interests of the respondent." Under Section 475.075.6, the court may direct the respondent be examined by professionals to assess any mental, physical, or cognitive impairment. Under Section 475.110.1, a guardian or conservator may be removed pursuant to Section 473.140 for failing to discharge official duties, waste or mismanagement, and other reasons. At least annually, the court must inquire into the status of the guardianship/conservatorship to determine whether the incapacity or disability has ceased or changed, and whether the guardian/conservator is discharging responsibilities/duties appropriately. § 475.082.1. If a guardian/conservator is not effectively performing his/her duties and the court finds that the welfare of the respondent requires immediate action, the court may appoint a guardian or conservator ad litem to act on behalf of the respondent until a hearing for the removal and replacement of the guardian/conservator. § 475.097.1.

As Mariah has no standing the bring her first, second, fifth, sixth, and seventh points on appeal, they are dismissed.

## Conclusion

We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert
Chief Judge

All concur.